1. PARDON—HEARING ON VIOLATION OF PAROLE.
   Failure to hold a fair and impartial hearing before 2 members of the parole board on charge of parole violation within 30 days after obtaining jurisdiction over and custody of the prisoner does not bar further action upon such alleged violation (CLS 1961, § 791.240).

2. STATUTES—STATUTE OF LIMITATIONS.
   The language of a statute must expressly state that it constitutes a statute of limitations in order to be so construed.

3. PARDON—HEARING ON VIOLATION OF PAROLE.
   Statutory provision according one accused of violation of parole a hearing before 2 members of the parole board within 30 days of such accusation is designed to assure an alleged parole violator a speedy hearing on the charge of the parole violation (CLS 1961, § 791.240).

4. SAME—FAILURE OF PAROLE BOARD—REMEDY.
   Failure of the parole board to comply with statutory requirement according one accused of parole violation a hearing within 30 days of accusation gives the accused a basis for a remedy by way of mandamus, not habeas corpus (CLS 1961, § 791.240).

5. SAME—HEARING ON VIOLATION OF PAROLE—RULES AND REGULATIONS.
   A fair and impartial hearing of one accused of a parole violation requires that the accused be apprised of the rules and regulations governing such a hearing in advance thereof either by submitting to the accused a copy of rules adopted by the parole

REFERENCES FOR POINTS IN HEADNOTES

[1, 3–5] 39 Am Jur, Pardon, Reprieve, and Amnesty § 95.
   Right to notice and hearing before revocation of suspension of sentence, parole, conditional pardon, or probation.   29 ALR2d 1074.
[2] 34 Am Jur, Limitation of Actions § 37 *et seq.*
[6] 5 Am Jur 2d, Appeal and Error § 1009.

board or through publication in usual method for publication of administrative rules.

6. Costs—Habeas Corpus—Parole Violation.

No costs are allowed in habeas corpus proceeding by person charged with parole violation who had not been accorded a hearing by members of the parole board, a public question being involved (CLS 1961, § 791.240).

Edgar Elton Lane presented a complaint for habeas corpus against the Michigan department of corrections. Order to show cause issued. Submitted Division 1 November 4, 1965, at Detroit. (Docket No. 1,302.) Writ denied November 4, 1965. Opinion filed December 20, 1965. Leave to appeal denied by Supreme Court December 20, 1965, and February 11, 1966. Habeas corpus granted by Supreme Court January 11, 1966. See 377 Mich 693, 695, 700.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Charles C. Conklin,* Assistant Attorney General, for the Michigan Department of Corrections.

*Albert Best,* for Edgar Elton Lane.

Lesinski, C. J. On reading and filing of plaintiff's complaint for a writ of habeas corpus, an order was issued requiring the Michigan department of corrections, bureau of pardons and paroles, to show cause on November 4, 1965 why a writ should not issue. Oral arguments were presented.

The detained party for whose benefit the said writ was sought is Edgar Elton Lane. Lane was arrested on a Federal charge on May 12, 1965 and was imprisoned in the Wayne county jail. On May 13, 1965, the Michigan department of corrections filed a detainer with the Wayne county authorities charging Lane with a parole violation. He had been on parole from the State Prison of Southern Michi-

gan since August, 1963. On September 17, 1965
Lane posted a $1,000 bond and was released from
custody of the Federal court. However, he was
immediately returned to Wayne county jail by the
Michigan department of corrections on the charge
of parole violation. On the same day a writ of
habeas corpus was issued in the circuit court for the
county of Wayne. A hearing was had on the writ
on September 20, 1965 and Lane was discharged on
the grounds that the Michigan department of cor-
rections had not acted pursuant to CLS 1961, §
791.240 (Stat Ann 1954 Rev § 28.2310).

On September 21, 1965, Lane's attorney and an
assistant attorney general were called in by the trial
judge who had ordered Lane's release and a rehear-
ing was held without the prisoner being present.
At this time the writ was ordered dismissed and
Lane was remanded to custody. Lane was removed
by the Michigan department of corrections to the
State Prison of Southern Michigan on September
22, 1965, and has been incarcerated there since that
date. An appeal from the circuit court order was
filed with this Court on September 24, 1965, and is
presently pending.

At the hearing to show cause why a writ of ha-
beas corpus should not be issued, it was determined
from presentations by counsel for Lane and by the
assistant attorney general that more than 30 days
had elapsed since the Michigan department of cor-
rections filed a detainer with the Wayne county au-
thorities accusing Lane of a violation of his parole,
and also more than 30 days had elapsed since Lane
was returned to prison and no formal parole viola-
tion hearing has been held. It was not argued that
the warrant for commitment was defective. The
assistant attorney general advised the court and
the attorney for Lane did not dispute that within

20 days after confinement at the prison Lane was allowed to plead to the charge of parole violation at which time he pled not guilty and a formal hearing was set for November 17, 1965.

No testimony in this cause was ordered taken as the court did not feel that any of the matters asserted would affect the final decision of the question before this Court.

Counsel for Lane argued that the effect of CLS 1961, § 791.240 (Stat Ann 1954 Rev § 28.2310) constitutes a statute of limitations, and that failure to hold said hearing within 30 days of either filing of the detainer by the Michigan department of corrections, or within 30 days after having been remanded to the custody of the Michigan department of corrections, effectively bars the authorities from taking further action upon the alleged parole violation. The statute reads in part as follows:

"Whenever a paroled prisoner is accused of a violation of his parole  *  *  *  he shall be entitled to a fair and impartial hearing of such charges within 30 days before two members of the parole board."

A careful study of the section and attending law does not lead this Court to complainant's conclusion. We hold that the failure to hold a parole violation hearing within 30 days after obtaining jurisdiction over or custody of the prisoner does not constitute a bar to continued proceedings under CLS 1961, § 791.240 (Stat Ann 1954 Rev § 28.2310). To constitute a statute of limitations, the language of the statute must be express. See *MacQueen* v. *City Commission of Port Huron* (1916), 194 Mich 328, 342; *Jones* v. *Grand Ledge Public Schools* (1957), 349 Mich 1, 10.

This Court deems that the provisions of the statute are designed to assure an alleged parole violator

a speedy hearing on the charge of parole violation, and the board is therefore required to hold a fair and impartial hearing within 30 days of the accusation of a parole violation. Failure of the board to comply with the statute does give the detained party a remedy, this being by petition to the court for a writ of mandamus. (See *Hazel Park Racing Association, Inc.,* v. *Racing Commissioner* [1953], 336 Mich 508, 518, and cases cited therein.) Habeas corpus is not a proper remedy here.

The Court takes note of the statement of the assistant attorney general that the Michigan department of corrections has not published its rules and regulations governing parole violation hearings. The requirements of a fair and impartial hearing under CLS 1961, § 791.240 (Stat Ann 1954 Rev § 28.2310) require that the accused be properly apprised of the rules and regulations governing such a hearing in advance thereof either by submitting to the accused a copy of the rules and regulations adopted by the parole board for such hearings, or through publication of same in the usual manner for publishing rules of administrative bodies.[*]

It is hereby ordered that the petition for a writ of habeas corpus is denied. No costs, public question involved.

QUINN and WATTS, JJ., concurred.

---

[*] See CL 1948, § 24.71 *et seq.,* as amended (Stat Ann 1961 Rev § 3.560[7] *et seq.,* as amended).—REPORTER.