STEWART *v.* DEPARTMENT OF CORRECTIONS, PAROLE BOARD.

1. CRIMINAL LAW—PAROLE—VIOLATION—HEARING—WITNESSES—ADMISSION OF GUILT.

A paroled prisoner who is accused of a violation of his parole, other than the commission and conviction of a felony or misdemeanor under the laws of this State, is entitled to a fair and impartial hearing on such charges within 30 days before 2 members of the parole board, at which hearing the paroled prisoner has the right to assistance of counsel and the right to present witnesses in his behalf, regardless of whether he admits he is guilty of the violations charged (CLS 1961, § 791.240).

2. SAME—PAROLE—VIOLATION—FELONY—MISDEMEANOR—HEARING.

Provisions of statute as to hearing on charges of violation of parole which state that hearing is available on charge of violation "other than the commission of, and conviction for, a felony or misdemeanor under the laws of this State", do not deny a hearing on charges arising out of a conviction under the laws of a State other than Michigan; thus, plaintiff prisoner was entitled to discharge from prison but remained subject to prior order of parole board where he had been denied hearing on charges after admitting to a conviction under the laws of another State (CLS 1961, § 791.240).

3. SAME—PAROLE VIOLATION—HEARING—WAIVER.

The parole board waives any claim of violation of a parole where it fails to hold a hearing within 30 days upon claimed violation that was not for the commission of, and conviction for, a felony or misdemeanor under the laws of this State (CLS 1961, § 791.240).

Appeal from Court of Appeals, Division 1, Levin, P. J., and T. G. Kavanagh and J. H. Gillis, JJ., grant-

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 39 Am Jur, Pardon, Reprieve and Amnesty § 95.

ing writ of superintending control against Department of Corrections, Parole Board. Submitted February 4, 1969. (Calendar No. 12, Docket No. 52,069.) Decided September 3, 1969.

Plaintiff Archie Stewart petitioned Court of Appeals for a writ of superintending control seeking discharge from State Prison where he was held following revocation of his parole by the Parole Board. Writ granted by Court of Appeals. Defendant appeals. Affirmed.

*Bridges & Collins,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Stewart H. Freeman,* Assistant Attorney General, for defendant Parole Board.

PER CURIAM. Archie Stewart, plaintiff herein, was sentenced on June 4, 1965, by the circuit court of Jackson county, to a term of not less than 15 months nor more than 2 years for violation of the check law.* He had written a series of checks without sufficient funds.

At the time of his arrest, Mr. Stewart was employed by the Michigan department of corrections as a sergeant in the custodial force of the State Prison of Southern Michigan. Because of his former position and the consequent undesirability of having him serve his sentence in the institution where he had been employed, he was transferred to the Detroit House of Correction on July 2, 1965.

Mr. Stewart escaped from the Detroit House of Correction on August 11, 1965; was subsequently apprehended in St. Louis, Missouri, and returned to

---

* CL 1948, § 750.131a (Stat Ann 1962 Rev § 28.326[1]).—REPORTER.

Michigan on August 29, 1965. On February 25, 1966, he was sentenced to a term of not less than 1 nor more than 3 years for that offense.

On December 9, 1966, he was paroled to Wayne county. On January 10, 1967, the parole agent submitted a parole violation report charging that Mr. Stewart had unlawfully absconded jurisdiction, and on January 16, 1967, a parole violation warrant was issued.

August 22, 1967, Mr. Stewart pled guilty to a misdemeanor charge of theft at St. Louis, Missouri. He was sentenced to 90 days in the county jail, given credit for more than 90 days spent in jail awaiting trial, and released to the custody of the Michigan parole board.

Plaintiff was interviewed by the parole board on August 31, 1967. An affidavit of two members of the parole board indicates that Mr. Stewart was informed of his rights at this time and that five alleged violations of his parole were discussed with him. Plaintiff, on the other hand, denies that he was in fact informed of his rights but, rather, was informed that he was going to be returned to prison as a parole violator and that he then demanded a formal hearing, which was denied.

The alleged violations of parole consisted of:

(1) Leaving Wayne county and traveling to the city of Jackson without permission; leaving the State (arrested in St. Louis, Missouri, on April 13, 1967).

(2) Driving his aunt's 1959 Chevrolet to Jackson without permission.

(3) Failing to be in his approved residence at a reasonable hour.

(4) Drinking to excess in the city of Jackson on or about January 1, 1967.

(5) Failing to keep his parole agent informed at all times of his whereabouts, movements, and activities.

. The statute controlling this appeal provides:

"Whenever a paroled prisoner is accused of a violation of his parole, other than the commission of, and conviction for, a felony or misdemeanor under the laws of this state, he shall be entitled to a fair and impartial hearing of such charges within 30 days before 2 members of the parole board under such rules and regulations as the parole board may adopt. Upon such hearing such paroled prisoner shall be allowed to be heard by counsel of his own choice, at his own expense, and may defend himself, and he shall have the right to produce witnesses and proofs in his favor and to meet the witnesses who are produced against him." PA 1953, No 232, § 40 (CLS 1961, § 791.240; Stat Ann 1954 Rev § 28.2310).

In response to the Court of Appeals order of April 19, 1968, to show cause, the attorney general, in behalf of the parole board, stated:

"In the matter at bar, this prisoner admitted his guilt on some of the charges, and, thereafter, the parole board determined that the evidence which he proposed to offer at the adjourned hearing would be incompetent, immaterial, and unduly repetitious.
* * *

"Once the violation was admitted, the board ruled that no formal taking of evidence was necessary, that the discretion should be exercised following only a review of the file and a discussion with the prisoner. Given the special function of the parole board, it is submitted that this course of conduct did not amount to an abuse of discretion."

We quote with approval the Court of Appeals' rejection of defendant's construction of the statute:

"In our opinion the parole board misreads the statute. An alleged parole violator (other than one accused of the commission of, and conviction for, a felony or misdemeanor 'under the laws of this State') is entitled to a fair and impartial hearing within 30 days, at such hearing to be heard by counsel and to produce witnesses and proofs in his favor and to meet the witnesses produced against him, without regard to whether he admits his guilt. The statute provides that all such alleged parole violators, not merely those that deny guilt, are entitled to such a hearing. The petitioner asserts he requested such a hearing which assertion was neither denied in the affidavit filed in response to the original petition or in the attorney general's briefs filed in response to petitioner's complaint and our order. Those responses merely state that the petitioner's rights were explained to him, that he freely admitted his guilt, and therefore it was not necessary to conduct a hearing."*

Defendant board contends:

"By statute, there is no right to a parole violation hearing where the violation consists of the 'commission of, and conviction for, a felony or misdemeanor under the laws of this State.' See CLS 1961, § 791-.240 (Stat Ann 1954 Rev § 28.2310). See, also, *People* v. *Bess* (1968), 11 Mich App 109. The clear intent of the statute is *not* that it speak only to a conviction in this State, but merely that it speak to a conviction for an offense which is a felony or misdemeanor under the laws of this State. PA 1968, No 192, while not controlling of this cause, extends this principle to include all convictions obtained under the laws of a sister State.

"In the matter at bar, this petitioner was convicted of a misdemeanor under the laws of Missouri, to wit: petty theft. As indicated above, petitioner does not deny this fact."

---

* From order of Court of Appeals, dated June 6, 1968. Leave to appeal granted August 15, 1968. 381 Mich 771.—Reporter.

We agree with the Court of Appeals' rejection of defendant's construction of the statute applicable to this appeal.

We affirm the Court of Appeals. The failure of the parole board to conduct the hearing provided for by the statute within 30 days constituted, in effect, a waiver of any claim based upon these violations since the alleged violations were not "a felony or misdemeanor under the laws of this state." We further conclude that, under these circumstances, the plaintiff is entitled to be discharged from prison but he will remain under the jurisdiction of the parole board as per their order of December 9, 1966.

T. E. BRENNAN, C. J., and DETHMERS, KELLY, BLACK, T. M. KAVANAGH, and ADAMS, JJ., concurred.

T. G. KAVANAGH, J., did not sit.