Michigan Supreme Court
Lansing, Michigan 48909

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED JULY 2, 2003**

JAMES JONES,

    **Plaintiff-Appellee,**

v                            **No. 120991**

DEPARTMENT OF CORRECTIONS,

    **Defendant-Appellant.**

_____

**BEFORE THE ENTIRE BENCH**

**YOUNG, J.**

We granted leave to appeal in this case to consider whether plaintiff parolee was properly discharged from prison where defendant, the Department of Corrections, failed to conduct a timely fact-finding hearing under MCL 791.240a on plaintiff's parole violation charges.[1]  Because we conclude

---

[1] MCL 791.240a(1) provides in part that "[w]ithin 45 days after a paroled prisoner has been returned or is available for return to a state correctional facility under accusation of a

(continued...)

that nothing in the plain language of MCL 791.240a permits the release of a parole violator under the circumstances of this case and that the appropriate remedy for the department's failure to timely conduct a fact-finding hearing is a writ of mandamus, we reverse the judgment of the Court of Appeals, dismiss plaintiff's complaint for habeas corpus relief and reinstate the order of the parole board revoking plaintiff's parole.

## I. Factual and Procedural Background

In October 1998, plaintiff was paroled from sentences imposed for controlled substances convictions. Plaintiff tested positively for cocaine on several occasions after his release on parole, and his original twenty-four-month parole term was extended because of various parole violations prior to those at issue in this case.[2] In February 2001, plaintiff again tested positively for cocaine, and he subsequently failed to report to his parole officer. These two parole violation charges were first detailed in a warrant issued February 13, 2001. A third parole violation charge was added

---

[1](...continued)
parole violation . . ., the prisoner is entitled to a fact-finding hearing on the charges . . . ."

[2]Plaintiff's prior parole violations included an incident in which he punched and threatened a woman; cocaine use; and failure to report to his parole officer.

2

on March 12, 2001, charging plaintiff with fleeing and eluding police.[3]

Plaintiff waived his right to a preliminary hearing under MCL 791.239a.  On April 19, 2001, plaintiff appeared before a Department of Corrections administrative law examiner (ALE) and received notice of the charges against him and the time, place, and purpose of the fact-finding hearing as required by MCL 791.240a(2).  Plaintiff admitted that he had used cocaine and had failed to report to his parole officer.  However, plaintiff denied the third parole violation charge, the commission of the criminal offense of fleeing and eluding police.  Plaintiff asked to present evidence in mitigation of the parole violations pursuant to MCL 791.240a(2)(d).  He did not object to the date of the fact-finding hearing, which was scheduled for May 16, 2001.

At the fact-finding hearing, the ALE noted that the plaintiff had pleaded guilty of the first two counts alleging violation of the conditions of parole.  The third count, alleging commission of a criminal offense, was dismissed pursuant to MCL 791.240a(1) for failure to hold a hearing within forty-five days of the date of plaintiff's arrest, March 11, 2001.  Nevertheless, the ALE accepted evidence in

---

[3]Plaintiff was subsequently convicted in the Washtenaw Circuit Court of fourth-degree fleeing and eluding in violation of MCL 750.479a(2).

3

mitigation of that offense.[4]  The ALE determined that plaintiff was in violation of the conditions of his parole as charged in the first two counts of the warrant, ruling that plaintiff's guilty plea provided a sufficient factual basis to establish the charged violations by a preponderance of the evidence.  The ALE recommended a revocation of plaintiff's parole and continuation of plaintiff's incarceration for eighteen months before again considering plaintiff for parole.[5]  The parole board adopted the ALE's recommendation.

Plaintiff filed a complaint for a writ of habeas corpus in the circuit court, contending that he was entitled to discharge from prison because the fact-finding hearing was not held until the sixty-sixth day of his availability for return to a state correctional facility.  The circuit court denied the requested relief.  Plaintiff then filed a complaint for habeas corpus relief in the Court of Appeals,[6] which entered

---

[4]Apparently, plaintiff's only mitigation evidence pertained to the dismissed third count of the parole violation warrant.

[5]The ALE noted: "Parolee is a drug offender who has previously violated his parole on charges of assault, using cocaine, failing to enter treatment, and absconding.  For these violations, he has been diverted to [the Technical Rules Violation Center] three times. . . . Parolee has plainly established that he remains an unwarranted danger to the community, will likely re-offend, and is not amenable to parole supervision."

[6]The Court of Appeals treated plaintiff's complaint as an
(continued...)

4

an order of habeas corpus discharging plaintiff from prison and returning him to the jurisdiction of the parole board. Unpublished opinion per curiam, issued November 30, 2001 (Docket No. 236835).

The Attorney General, on behalf of the Department of Corrections, filed an application for leave to appeal the judgment of the Court of Appeals. This Court issued a stay of the Court of Appeals decision and granted defendant's application for leave to appeal. 467 Mich 884 (2002).

## II. STANDARD OF REVIEW

At issue in this case is whether a parolee accused of a parole violation is entitled to discharge from prison where a fact-finding hearing on the charge is not held within forty-five days as required by MCL 791.240a(1). This Court reviews de novo the interpretation and application of a statute as a question of law. *Cruz v State Farm Mut Automobile Ins Co,* 466 Mich 588, 594; 648 NW2d 591 (2002); *People v Thousand*, 465 Mich 149, 156; 631 NW2d 694 (2001). If the language of the statute is clear, "no further analysis is necessary or allowed to expand what the Legislature clearly intended to cover." *Miller v Mercy Mem Hosp*, 466 Mich 196, 201; 644 NW2d 730

---

[6](...continued)
original action, noting that plaintiff had not appealed from the circuit court's denial of habeas corpus relief.

5

(2002).

## III.  ANALYSIS

### A.  MCL 791.240a(1)

A prisoner enjoys no constitutional or inherent right to be conditionally released from a validly imposed sentence. See *Greenholtz v Inmates of Nebraska Penal & Correctional Complex*, 442 US 1, 7; 99 S Ct 2100; 60 L Ed 2d 668 (1979); *People v Malmquist*, 155 Mich App 521; 400 NW2d 317 (1986).[7] Furthermore, parole revocation is not a stage of a criminal prosecution.  See *Gagnon v Scarpelli*, 411 US 778, 782; 93 S Ct 1756; 36 L Ed 2d 656 (1973); *Morrissey v Brewer,* 408 US 471, 480; 92 S Ct 2593; 33 L Ed 2d 484 (1972).  However, pursuant to *Morrissey,* limited due process requirements, including notice and the opportunity to be heard, apply to the loss of liberty occasioned by parole revocation.

The granting, rescission, and revocation of parole in Michigan is overseen by the Bureau of Pardons and Paroles pursuant to MCL 791.231 *et seq.*  This statutory scheme makes

---

[7]A preliminary hearing is required to determine if there is probable cause to believe that parole conditions have been violated.  However, a paroled prisoner may be arrested and detained without a warrant.  MCL 791.239, 791.239a.  This reflects the conditional nature of the release and the continuing authority of the Department of Corrections to maintain the prisoner in custody.

clear that, with limited exception,[8] matters of parole lie solely within the broad discretion of the parole board, and that the freedom enjoyed by a paroled prisoner is a *limited* freedom.[9]  The release of a prisoner on parole "shall be granted solely upon the initiative of the parole board," MCL 791.235(1), and a paroled prisoner remains in the legal custody and under the control of the Department of Corrections, MCL 791.238(1).  A parole is "a permit to the prisoner to leave the prison," not a release.  MCL 791.238(6). Furthermore, a parolee may be arrested without a warrant where there exists reasonable cause to believe that he has violated parole.  MCL 791.239.

The procedural requirements of MCL 791.240a serve to protect the due process interests, as outlined by *Morrissey,* of a parolee whose liberty is at stake by virtue of a charge of parole violation.  However, contrary to the holding of the Court of Appeals in this case, MCL 791.240a neither deprives

---

[8]See MCL 791.234(1); MCL 791.234a.

[9]See *Morrissey, supra* at 480:

[T]he revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations. . . . Revocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions. [Citation omitted.]

the parole board of jurisdiction to revoke parole nor requires the discharge of a parolee where the required hearing has been delayed beyond the forty-five-day period prescribed.

MCL 791.240a(1) provides:

> Within 45 days after a paroled prisoner has been returned or is available for return to a state correctional facility under accusation of a parole violation other than conviction for a felony or misdemeanor punishable by imprisonment under the laws of this state, the United States, or any other state or territory of the United States, the prisoner is entitled to a fact-finding hearing on the charges before 1 member of the parole board or an attorney hearings officer designated by the chairperson of the parole board. The fact-finding hearing shall be conducted only after the accused parolee has had a reasonable amount of time to prepare a defense. The fact-finding hearing may be held at a state correctional facility or at or near the location of the alleged violation.

The Court of Appeals "reluctantly" held that it was required, pursuant to this Court's decision in *Stewart v Dep't of Corrections,* 382 Mich 474; 170 NW2d 16 (1969), to order plaintiff's release from prison because the fact-finding hearing was not held within forty-five days of his availability for return to the Department of Corrections as required by MCL 791.240a(1). The panel further opined that habeas corpus relief was appropriate on the basis of this Court's order granting such relief to an alleged parole violator in *In re Lane*, 377 Mich 695 (1966), after a Court of Appeals panel had determined that a writ of mandamus was the appropriate remedy for the failure to hold a timely parole

8

violation hearing.[10]  However, the panel urged this Court to reconsider *Stewart* and *Lane*:

> In light of these Supreme Court cases, we have little option but to grant plaintiff's requested relief.  However, we urge defendant to seek review in the Supreme Court and for the Supreme Court to reverse us.  We agree with our prior opinion in *Lane* [2 Mich App 140; 138 NW2d 541 (1965)] that mandamus is a more appropriate remedy than habeas corpus.  We see little rational reason to require that plaintiff be returned to parole status.  It would seem to us that if defendant violates the forty-five-day rule, it could properly be remedied by mandamus.  It might perhaps even be appropriate to require that a parolee be released from detention on the forty-sixth day.  However, we find nothing in the statute or in common sense to justify entitling plaintiff to a return to parole status, particularly in light of parole violations to which he has admitted. [Slip op at 2.]

In *Stewart*, the plaintiff was charged with several alleged parole violations.  The plaintiff admitted his guilt on some of the charges.  Although the plaintiff demanded a formal hearing under former MCL 791.240, the predecessor of the current MCL 791.240a,[11] in light of the plaintiff's

---

[10]At issue in *Stewart* and *Lane* was former MCL 791.240, the predecessor of MCL 791.240a.  Former MCL 791.240 was repealed by 1968 PA 192.

[11]MCL 791.240, which was substantially similar to the current MCL 791.240a, provided:

> Whenever a paroled prisoner is accused of a violation of his parole, other than the commission of, and conviction for, a felony or misdemeanor under the laws of this state, he shall be entitled to a fair and impartial hearing of such charges within 30 days before 2 members of the parole board
>
> (continued...)

admission of guilt the parole board denied the request for a hearing. This Court affirmed the judgment of the Court of Appeals granting the plaintiff's writ of superintending control against the Department of Corrections, holding that

> [t]he failure of the parole board to conduct the hearing provided for by the statute within 30 days constituted, in effect, a waiver of any claim based upon these violations since the alleged violations were not "a felony or misdemeanor under the laws of this state."[12] We further conclude that, under these circumstances, the plaintiff is entitled to be discharged from prison but he will remain under the jurisdiction of the parole board as per their order of December 9, 1966. [*Stewart, supra* at 479.]

The *Stewart* Court erred, in our judgment, by engrafting onto the terms of former MCL 791.240 a remedy that had no basis in the plain language of the statute. As we have

---

[11](...continued)
under such rules and regulations as the parole board may adopt. Upon such hearing such paroled prisoner shall be allowed to be heard by counsel of his own choice, at his own expense, and may defend himself, and he shall have the right to produce witnesses and proofs in his favor and to meet the witnesses who are produced against him. . . .

[12]The parole board argued in *Stewart* that because the plaintiff had been convicted of a crime in Missouri, he was not entitled to a parole violation hearing because the conduct underlying the Missouri conviction was a "felony or misdemeanor under the laws of this state" within the meaning of former MCL 791.240. One of the primary differences between former MCL 791.240 and current MCL 791.240a is that the current statute does not require a fact-finding hearing for parole violations based on convictions punishable by imprisonment not only in this state, but in "the United States . . . or any other state or territory of the United States. . . ."

recently noted on several occasions, "'our judicial role precludes imposing different policy choices than those selected by the Legislature, [and] our obligation is, by examining the statutory language, to discern the legislative intent that may reasonably be inferred from the words expressed in the statute.'" *People v Sobczak-Obetts*, 463 Mich 687, 694-695; 625 NW2d 764 (2001), quoting People v McIntire, 461 Mich 147, 152; 599 NW2d 102 (1999).  In determining that the parole board had waived its authority and that the plaintiff was entitled to discharge, the *Stewart* Court created a remedy for a violation of former MCL 791.240 that was not grounded anywhere in the statutory scheme and thus exceeded its judicial authority.[13]

We decline to impose the relinquishment of the parole board's statutory authority[14] to revoke parole as a remedy for a violation of the forty-five-day limitation period provided in MCL 791.240a(1).  To infer such a legislative intent where none is indicated either in the text of MCL 791.240a or elsewhere in the statutory scheme "would be an exercise of

---

[13]The Legislature well knows how to provide remedies for statutory time limitation violations and has explicitly done so in other settings.  See, e.g., MCL 780.133 (providing that where the "180-day rule" of MCL 780.131 is violated, the courts of this state lose jurisdiction and must dismiss the action with prejudice).

[14]MCL 791.240a(6).

*will* rather than *judgment."  People v Stevens (After Remand),* 460 Mich 626, 645; 597 NW2d 53 (1999) (emphasis in original). We overrule *Stewart* to the extent that it conflicts with today's holding.[15]

### B. RESPONSE TO THE DISSENT

The dissent, invoking the so-called "reenactment rule," asserts that because the post-*Stewart* revisions to MCL 791.240 and MCL 791.240a do not "clearly show an intention to undo this Court's holding in *Stewart*," we must assume that the Legislature intended to adopt the extra-statutory remedy imposed by the *Stewart* Court.  We decline to impose on the Legislature any such *duty* to "clearly show" its intention to repudiate any judicial construction with which it disagrees.

As we have recently explained in *People v Hawkins*, 468 Mich ___; ___ NW2d ___ (2003), the reenactment rule cannot be used as a tool to circumvent the plain and unambiguous language of a statute.  Nothing in the language of MCL

---

[15]The Attorney General cites *Hawkins v Mich Parole Bd*, 390 Mich 569; 213 NW2d 193 (1973), in which this Court adopted and affirmed an opinion of the Court of Appeals ordering a parole revocation hearing de novo on the ground that the allegedly indigent plaintiff was not accorded a proper hearing because he was not provided with court-appointed counsel.  The Attorney General essentially argues that *Stewart* was overruled *sub silentio* by this Court's decision in *Hawkins.*  However, *Hawkins* is inapposite because the parties in that case *stipulated* that such a hearing would be held.  See *Hawkins v Michigan Parole Bd*, 45 Mich App 529, 531; 206 NW2d 764 (1973).  Thus, unlike in *Stewart* and the present case, the consequences of holding an improper parole revocation hearing were not at issue in *Hawkins*.

12

791.240a indicates the Legislature's intent to adopt the *Stewart* Court's holding that the parole board waives its right to pursue parole violation charges by failing to conduct a hearing within the statutory period. While the dissent opines that the Legislature's failure to affirmatively limit the holding in *Stewart* is indicative of its approval of that holding, an equally plausible conclusion to be drawn from the Legislature's silence is that it intended to *reject* the *Stewart* Court's analysis. See *Hawkins, supra* at ___ n 12.

"[O]ur most fundamental principle of statutory construction [is] that there is no room for judicial interpretation when the Legislature's intent can be ascertained from the statute's plain and unambiguous language." *Hawkins, supra* at ___. Because there is no clear indication in the language of MCL 791.240a(1) that the Legislature intended to either adopt or repudiate the *Stewart* Court's imposition of an extra-statutory remedy for a violation of that statute, we decline to apply the reenactment rule in this case.

C. APPROPRIATE REMEDY FOR A VIOLATION OF MCL 791.240a(1)

Where an official has a clear legal duty to act and fails to do so, the appropriate remedy is an order of mandamus. See *In re MCI*, 460 Mich 396, 442-443; 596 NW2d 164 (1999); *Lickfeldt v Dep't of Corrections*, 247 Mich App 299, 302; 636

NW2d 272 (2001).[16]  Where, as here, the Legislature has established a clear, ministerial duty, but has failed to prescribe any consequence for a violation of that duty, a plaintiff may seek a writ of mandamus to compel compliance with the statutory duty.  Accordingly, we agree with the suggestion of the Court of Appeals in this case—and in *Lane,* 2 Mich App 144—that the proper remedy for the failure to hold a timely hearing as required by MCL 791.240a(1) is a complaint for an order of mandamus rather than for a writ of habeas corpus.[17]

## IV.  CONCLUSION

Because nothing in the text of MCL 791.240a or the remainder of the statutory scheme governing paroles indicates a legislative intent that a violation of the forty-five-day time limit established by MCL 791.240a(1) requires the discharge of a prisoner, we reverse the decision of the Court of Appeals and reinstate the order of the parole board

---

[16]See *Phillips v Warden, State Prison of Southern Michigan*, 153 Mich App 557, 566; 396 NW2d 482 (1986) ("Habeas corpus is an alternative remedy and may be refused in the exercise of discretion where full relief may be obtained in other more appropriate proceedings.").

[17]As noted by the Court of Appeals in this case, this Court, without comment, granted habeas corpus relief to the petitioner in *Lane*.  To the extent that any implication arises from this Court's terse order in *Lane* that habeas corpus relief is appropriate for a violation of MCL 791.240a(1), we overrule that decision.

14

revoking plaintiff's parole. The appropriate remedy for a violation of the forty-five-day requirement is a writ of mandamus. To the extent that this Court's decisions in *Stewart* and *Lane* conflict with today's holding, they are overruled.

> Robert P. Young, Jr.
> Maura D. Corrigan
> Clifford W. Taylor
> Stephen J. Markman

15

S T A T E   O F   M I C H I G A N

SUPREME COURT


JAMES JONES,

    Plaintiff-Appellee,

v                                                      No. 120991

DEPARTMENT OF CORRECTIONS,

    Defendant-Appellant.

_____

WEAVER, J. *(concurring)*.

    I join in all but part IIIB of the majority opinion.  As I noted in my concurring opinion in *People v Hawkins,* 468 Mich ___; ___ NW2d ___ (2003), I believe that the reenactment rule may be relied on in cases where it is appropriate.

                              Elizabeth A. Weaver

# S T A T E   O F   M I C H I G A N

## SUPREME COURT

JAMES JONES,

    Plaintiff-Appellee,

v

        No.  120991

DEPARTMENT OF CORRECTIONS,

    Defendant-Appellant.

_____

CAVANAGH, J. *(dissenting)*.

I respectfully disagree with the majority. Plaintiff is a prisoner whose parole was revoked by the parole board. The issue presented is whether the parole-violation charges against plaintiff must be dismissed because the fact-finding hearing on the charges was not held within forty-five days, as required by MCL 791.240a.[1] In response to plaintiff's complaint for a writ of habeas corpus, the Court of Appeals

---

[1] MCL 791.240a requires that the hearing be held within forty-five days after a paroled prisoner has been returned or is available for return to a state correctional facility. Plaintiff was available on March 11, 2001. The hearing was held May 16, 2001.

ruled that pursuant to existing case law, plaintiff's requested relief must be granted and plaintiff must be discharged from prison and returned to the jurisdiction of the parole board. For the reasons articulated below, I would affirm the decision of the Court of Appeals.

I

Whether the parole-violation charges against plaintiff must be dismissed because the fact-finding hearing on the charges was not held within forty-five days, as required by MCL 791.240a, is a matter of statutory interpretation. A matter of statutory interpretation is a question of law, which this Court reviews de novo. *People v Morey*, 461 Mich 325, 329; 603 NW2d 250 (1999).

MCL 791.240a provides in pertinent part:

> (1) Within 45 days after a paroled prisoner has been returned or is available for return to a state correctional facility under accusation of a parole violation other than conviction for a felony or misdemeanor punishable by imprisonment under the laws of this state, the United States, or any other state or territory of the United States, the prisoner is entitled to a fact-finding hearing on the charges before 1 member of the parole board or an attorney hearings officer designated by the chairperson of the parole board. The fact-finding hearing shall be conducted only after the accused parolee has had a reasonable amount of time to prepare a defense. The fact-finding hearing may be held at a state correctional facility or at or near the location of the alleged violation.[2]

---

[2] The statute further provides:

(continued...)

2

(2) An accused parolee shall be given written notice of the charges against him or her and the time, place, and purpose of the fact-finding hearing. At the fact-finding hearing, the accused parolee may be represented by an appointed or retained attorney and is entitled to the following rights:

(a) Full disclosure of the evidence against him or her.

(b) To testify and present relevant witnesses and documentary evidence.

(c) To confront and cross-examine adverse witnesses unless the person conducting the fact-finding hearing finds on the record that a witness is subject to risk of harm if his or her identity is revealed.

(d) To present other relevant evidence in mitigation of the charges.

(3) A fact-finding hearing may be postponed for cause beyond the 45-day time limit on the written request of the parolee, the parolee's attorney, or, if a postponement of the preliminary hearing has been granted beyond the 10-day time limit, by the parole board.

(4) If the evidence presented is insufficient to support the allegation that a parole violation occurred, the parolee shall be reinstated to parole status.

(5) If the parole board member or hearings officer conducting the fact-finding hearing determines from a preponderance of the evidence that a parole violation has occurred, the member or hearings officer shall present the relevant facts to the parole board and make a recommendation as to the disposition of the charges.

(6) If a preponderance of the evidence

(continued...)

In *Stewart v Dep't of Corrections,* 382 Mich 474, 477; 170

NW2d 16 (1969), this Court considered the predecessor of MCL

791.240a, which stated:

> "Whenever a paroled prisoner is accused of a
> violation of his parole, other than the commission
> of, and conviction for, a felony or misdemeanor
> under the laws of this state, he shall be entitled
> to a fair and impartial hearing of such charges
> within 30 days before 2 members of the parole board
> under such rules and regulations as the parole
> board may adopt.  Upon such hearing such paroled
> prisoner shall be allowed to be heard by counsel of

---

[2](...continued)
supports the allegation that a parole violation
occurred, the parole board may revoke parole, and
the parolee shall be provided with a written
statement of the findings of fact and the reasons
for the determination within 60 days after the
paroled prisoner has been returned or is available
for return to a state correctional facility.

(7) A parolee who is ordered to make
restitution under the crime victim's rights act,
Act No. 87 of the Public Acts of 1985, being
sections 780.751 to 780.834 of the Michigan
Complied Laws, or the code of criminal procedure,
Act No. 175 of the Public Acts of 1927, being
sections 760.1 to 776.21 of the Michigan Compiled
Laws, or to pay an assessment ordered under section
5 of Act No. 196 of the Public Acts of 1989, being
section 780.905 of the Michigan Compiled Laws, as a
condition of parole may have his or her parole
revoked by the parole board if the parolee fails to
comply with the order and if the parolee has not
made a good faith effort to comply with the order.
In determining whether to revoke parole, the parole
board shall consider the parolee's employment
status, earning ability, and financial resources,
the willfulness of the parolee's failure to comply
with the order, and any other special circumstances
that may have a bearing on the parolee's ability to
comply with the order.

4

> his own choice, at his own expense, and may defend himself, and he shall have the right to produce witnesses and proofs in his favor and to meet the witnesses who are produced against him." [MCL 791.240.]

Stewart's parole agent submitted a parole-violation report charging that the plaintiff had unlawfully absconded from the jurisdiction, and a parole-violation warrant was issued. Subsequently, the plaintiff pleaded guilty to a misdemeanor charge in St. Louis, Missouri. He was released to the custody of the Michigan Parole Board, which denied his request for a formal hearing. The parole board's reasoning for denying the hearing was that the evidence Stewart proposed to offer would be "'incompetent, immaterial, and unduly repetitious,'" given that he had already admitted his guilt on some of the charges. *Stewart, supra* at 477.

This Court agreed with the Court of Appeals analysis rejecting defendant's interpretation of the statute:

> "In our [the Court of Appeals] opinion the parole board misreads the statute. An alleged parole violator (other than one accused of the commission of, and conviction for, a felony or misdemeanor 'under the laws of this State') is entitled to a fair and impartial hearing within 30 days, at such hearing to be heard by counsel and to produce witnesses and proofs in his favor and to meet the witnesses produced against him, without regard to whether he admits his guilt. The statute provides that all such alleged parole violators, not merely those that deny guilt, are entitled to such a hearing. The petitioner asserts he requested such a hearing which assertion was neither denied in the affidavit filed in response to the original petition or in the attorney

5

general's briefs filed in response to petitioner's complaint and our order. Those responses merely state that the petitioner's rights were explained to him, that he freely admitted his guilt, and therefore it was not necessary to conduct a hearing." [*Id.* at 478.]

The Court further stated:

We agree with the Court of Appeals' rejection of defendant's construction of the statute applicable to this appeal.

We affirm the [decision of the] Court of Appeals. *The failure of the parole board to conduct the hearing provided for by the statute within 30 days constituted, in effect, a waiver of any claim based upon these violations since the alleged violations were not "a felony or misdemeanor under the laws of this state."* We further conclude that, under these circumstances, the plaintiff is entitled to be discharged from prison but he will remain under the jurisdiction of the parole board as per their order of December 9, 1966. [*Id.* at 479 (emphasis added).]

The version of the statute at issue in *Stewart*, MCL 791.240, was repealed by 1968 PA 192.[3] However, at the same time that it was repealed, the substance of that provision was reenacted in MCL 791.240a. The 1968 version of this provision stated:

Within 30 days after a paroled prisoner has been returned to a state penal institution under accusation of a violation of his parole, other than the conviction for a felony or misdemeanor punishable by imprisonment in any jail, a state or

---

[3] Although *Stewart* was decided in 1969, after the repeal of MCL 791.240, the issue before the Court at that time was the proper interpretation of MCL 791.240 because the alleged parole violations at issue in *Stewart* occurred in 1967, before the repeal and subsequent reenactment of the statute.

6

federal prison under the laws of this state, the United States or any other state or territory of the United States, he shall be entitled to a hearing on such charges before 2 members of the parole board. Hearings shall be conducted in accordance with rules and regulations adopted by the director, and the accused prisoner shall be given an opportunity to appear personally or with counsel and answer to the charges placed against him. [1968 PA 192.[4]]

Subsequent amendments of MCL 791.240a have taken effect in 1982, 1985, and 1994. The 1982 amendments are especially relevant because they altered the time requirement for the formal hearing, increasing it from thirty days after a paroled prisoner has been returned or is available to forty-five days after a paroled prisoner has been returned or is available. The 1982 version of MCL 791.240a(1) stated in pertinent part:

Within 45 days after a paroled prisoner has been returned or is available for return to a state penal institution under accusation of a violation of parole, other than the conviction for a felony or misdemeanor punishable by imprisonment under the laws of this state, the United States, or any other state or territory of the United States, the prisoner is entitled to a fact-finding hearing on the charges before 1 member of the parole board or an attorney hearings officer designated by the chairperson of the parole board. The fact-finding hearing shall be conducted only after the accused parolee has had a reasonable amount of time to prepare a defense. The fact-finding hearing may be held at a state penal institution or at or near the location of the alleged violation. [1982 PA 314.]

---

[4] One of the primary differences between the 1968 version of MCL 791.240a and its predecessor, MCL 791.240, is that the 1968 version of MCL 791.240a also included an exception for misdemeanor and felony convictions in jurisdictions other than the state of Michigan.

7

No revisions were made to the statute, as it was reenacted in 1982, to limit this Court's conclusion in *Stewart* that the failure to conduct the formal hearing within the requisite time constitutes a waiver of any claim based on the alleged parole violations, nor have any such revisions been made in amendments after the 1982 version of MCL 791.240a. While this Court has disavowed the doctrine of legislative acquiescence in previous cases,[5] this case represents something more than legislative acquiescence, or discerning legislative intent from the Legislature's failure to take any action. In the present case, the Legislature has acted several times to reenact and revise the statute, even increasing the time limit for the fact-finding hearing from thirty days to forty-five days. However, none of the subsequent revisions to the statute since *Stewart* was decided can be construed as limiting this Court's conclusion in *Stewart* that the failure to conduct the formal hearing within the requisite time constitutes a waiver of any claim based on the alleged parole violations. The Legislature is presumed to know "that when a statute, clause or provision thereof, has been construed by the court of last resort of this State and the same is substantially re-enacted the legislature adopts such construction, unless the contrary is clearly shown by the

---

[5] See *Donajkowski v Alpena Power Co,* 460 Mich 243, 258-262; 596 NW2d 574 (1999).

8

language of the act." *Jeruzal v Wayne Co Drain Comm'r,* 350 Mich 527, 534; 87 NW2d 122 (1957).[6] The language used by the Legislature in subsequent revisions of the provision at issue does not clearly show an intention to undo this Court's holding in *Stewart.*

Therefore, I would affirm the decision of the Court of Appeals and order that the stay imposed on February 22, 2002, be lifted and that plaintiff be discharged from prison and returned to the jurisdiction of the parole board.

Michael F. Cavanagh
Marilyn Kelly

---

[6]See also *Smith v Detroit*, 388 Mich 637, 650-651; 202 NW2d 300 (1972) ("'Even more persuasive is the rule that where the basic provisions of a statute have been construed by the courts and these provisions are subsequently reenacted by the legislature, it may be assumed that the legislature acted with knowledge of the Court's decisions and that the legislature intended the reenacted statute to carry the Court's interpretation with it.'" Quoting *Breckon v Franklin Fuel Co*, 383 Mich 251, 295; 174 NW2d 836 [1970] [Adams, J., dissenting]); *Sheppard v Michigan Nat'l Bank*, 348 Mich 577, 631-632; 83 NW2d 614 (1957) (Chief Justice Dethmers, concurring, wrote "Where a statutory provision is re-enacted without change in language, it must be presumed that the action was taken in the light of prior judicial construction placed upon it and with the intent to adopt such construction. When the Supreme Court has placed an interpretation on a statute over a considerable period of years it may indulge in the judicial assumption that the legislature has been content with that interpretation because of its failure to exercise its independent prerogative to restate the provision." [Citations omitted.]).