Weaver, J.

(concurring).

I join in all but part iii(b) of the majority opinion. As I noted in my concurring opinion in People v Hawkins, 468 Mich 488; 688 NW2d 602 (2003), I believe that the reenactment rule may be relied on in cases where it is appropriate.
Cavanagh, J.
I respectfully disagree with the majority. Plaintiff is a prisoner whose parole was revoked by the parole board. The issue presented is whether the parole-violation charges against plaintiff must be dismissed because the fact-finding hearing on the charges was not held within forty-five days, as required by MCL 791.240a.[1] In response to plaintiff’s complaint for a writ of habeas corpus, the Court of Appeals ruled that pursuant to existing case law, plaintiff’s requested relief must be granted and plaintiff must be discharged from prison and returned to the jurisdiction of the parole board. For the reasons *660 articulated below, I would affirm the decision of the Court of Appeals.
i
Whether the parole-violation charges against plaintiff must be dismissed because the fact-finding hearing on the charges was not held within forty-five days, as required by MCL 791.240a, is a matter of statutory interpretation. A matter of statutory interpretation is a question of law, which this Court reviews de novo. People v Morey, 461 Mich 325, 329; 603 NW2d 250 (1999).
MCL 791.240a provides in pertinent part:
(1) Within 45 days after a paroled prisoner has been returned or is available for return to a state correctional facility under accusation of a parole violation other than conviction for a felony or misdemeanor punishable by imprisonment under the laws of this state, the United States, or any other state or territory of the United States, the prisoner is entitled to a fact-finding hearing on the charges before 1 member of the parole board or an attorney hearings officer designated by the chairperson of the parole board. The fact-finding hearing shall be conducted only after the accused parolee has had a reasonable amount of time to prepare a defense. The fact-finding hearing may be held at a state correctional facility or at or near the location of the alleged violation.[2]
*661 In Stewart v Dep’t of Corrections, 382 Mich 474, 477; 170 NW2d 16 (1969), this Court considered the predecessor of MCL 791.240a, which stated:
*662 “Whenever a paroled prisoner is accused of a violation of his parole, other than the commission of, and conviction for, a felony or misdemeanor under the laws of this state, he shall be entitled to a fair and impartial hearing of such charges within 30 days before 2 members of the parole board under such rules and regulations as the parole board may adopt. Upon such hearing such paroled prisoner shall be allowed to be heard by counsel of his own choice, at his own expense, and may defend himself, and he shall have the right to produce witnesses and proofs in his favor and to meet the witnesses who are produced against him.” [MCL 791.240.]
Stewart’s parole agent submitted a parole-violation report charging that the plaintiff had unlawfully absconded from the jurisdiction, and a parole-violation warrant was issued. Subsequently, the plaintiff pleaded guilty to a misdemeanor charge in St. Louis, Missouri. He was released to the custody of the Michigan Parole Board, which denied his request for a formal hearing. The parole board’s reasoning for denying the hearing was that the evidence Stewart proposed to offer would be “ ‘incompetent, immaterial, and unduly repetitious,’ ” given that he had already admitted his guilt on some of the charges. Stewart, supra at 477.
This Court agreed with the Court of Appeals analysis rejecting defendant’s interpretation of the statute:
“In our [the Court of Appeals] opinion the parole board misreads the statute. An alleged parole violator (other than one accused of the commission of, and conviction for, a felony or misdemeanor ‘under the laws of this State’) is entitled to a fair and impartial hearing within 30 days, at such hearing to be heard by counsel and to produce witnesses and proofs in his favor and to meet the witnesses produced against him, without regard to whether he admits his guilt. The statute provides that all such alleged parole violators, *663 not merely those that deny guilt, are entitled to such a hearing. The petitioner asserts he requested such a hearing which assertion was neither denied in the affidavit filed in response to the original petition or in the attorney general’s briefs filed in response to petitioner’s complaint and our order. Those responses merely state that the petitioner’s rights were explained to him, that he freely admitted his guilt, and therefore it was not necessary to conduct a hearing.” [Id. at 478.]
The Court further stated:
We agree with the Court of Appeals’ rejection of defendant’s construction of the statute applicable to this appeal.
We affirm the [decision of the] Court of Appeals. The failure of the parole board to conduct the hearing provided for by the statute within SO days constituted, in effect, a waiver of any claim based upon these violations since the alleged violations were not “a felony or misdemeanor under the laws of this state.” We further conclude that, under these circumstances, the plaintiff is entitled to be discharged from prison but he will remain under the jurisdiction of the parole board as per their order of December 9, 1966. [Id. at 479 (emphasis added).]
The version of the statute at issue in Stewart, MCL 791.240, was repealed by 1968 PA 192.[3] However, at the same time that it was repealed, the substance of that provision was reenacted in MCL 791.240a. The 1968 version of this provision stated:
Within 30 days after a paroled prisoner has been returned to a state penal institution under accusation of a violation of his parole, other than the conviction for a felony or mis *664 demeanor punishable by imprisonment in any jail, a state or federal prison under the laws of this state, the United States or any other state or territory of the United States, he shall be entitled to a hearing on such charges before 2 members of the parole board. Hearings shall be conducted in accordance with rules and regulations adopted by the director, and the accused prisoner shall be given an opportunity to appear personally or with counsel and answer to the charges placed against him. [1968 PA 192.[4]]
Subsequent amendments of MCL 791.240a have taken effect in 1982, 1985, and 1994. The 1982 amendments are especially relevant because they altered the time requirement for the formal hearing, increasing it from thirty days after a paroled prisoner has been returned or is available to forty-five days after a paroled prisoner has been returned or is available. The 1982 version of MCL 791.240a(l) stated in pertinent part:
Within 45 days after a paroled prisoner has been returned or is available for return to a state penal institution under accusation of a violation of parole, other than the conviction for a felony or misdemeanor punishable by imprisonment under the laws of this state, the United States, or any other state or territory of the United States, the prisoner is entitled to a fact-finding hearing on the charges before 1 member of the parole board or an attorney hearings officer designated by the chairperson of the parole board. The fact-finding hearing shall be conducted only after the accused parolee has had a reasonable amount of time to prepare a defense. The fact-finding hearing may be held at a state penal institution or at or near the location of the alleged violation. [1982 PA 314.]
*665 No revisions were made to the statute, as it was reenacted in 1982, to limit this Court’s conclusion in Stewart that the failure to conduct the formal hearing within the requisite time constitutes a waiver of any claim based on the alleged parole violations, nor have any such revisions been made in amendments after the 1982 version of MCL 791.240a. While this Court has disavowed the doctrine of legislative acquiescence in previous cases,[5] this case represents something more than legislative acquiescence, or discerning legislative intent from the Legislature’s failure to take any action. In the present case, the Legislature has acted several times to reenact and revise the statute, even increasing the time limit for the fact-finding hearing from thirty days to forty-five days. However, none of the subsequent revisions to the statute since Stewart was decided can be construed as limiting this Court’s conclusion in Stewart that the failure to conduct the formal hearing within the requisite time constitutes a waiver of any claim based on the alleged parole violations. The Legislature is presumed to know “that when a statute, clause or provision thereof, has been construed by the court of last resort of this State and the same is substantially re-enacted the legislature adopts such construction, unless the contrary is clearly shown by the language of the act.” Jeruzal v Wayne Co Drain Comm’r, 350 Mich 527, 534; 87 NW2d 122 (1957).[6] The language used by the *666 Legislature in subsequent revisions of the provision at issue does not clearly show an intention to undo this Court’s holding in Stewart.
Therefore, I would affirm the decision of the Court of Appeals and order that the stay imposed on February 22, 2002, be lifted and that plaintiff be discharged from prison and returned to the jurisdiction of the parole board.
Kelly, J., concurred with Cavanagh, J.

 MCL 791.240a requires that the hearing be held within forty-five days after a paroled prisoner has been returned or is available for return to a state correctional facility. Plaintiff was available on March 11, 2001. The hearing was held May 16, 2001.

 The statute further provides:
(2) An accused parolee shall be given written notice of the charges against him or her and the time, place, and purpose of the fact-finding hearing. At the fact-finding hearing, the accused parolee may be represented by an appointed or retained attorney and is entitled to the following rights:
(a) Full disclosure of the evidence against him or her.
*661 (b) To testify and present relevant witnesses and documentary evidence.
(c) To confront and cross-examine adverse witnesses unless the person conducting the fact-finding hearing finds on the record that a witness is subject to risk of harm if his or her identity is revealed.
(d) To present other relevant evidence in mitigation of the charges.
(3) A fact-finding hearing may be postponed for cause beyond the 45-day time limit on the written request of the parolee, the parolee’s attorney, or, if a postponement of the preliminary hearing has been granted beyond the 10-day time limit, by the parole board.
(4) If the evidence presented is insufficient to support the allegation that a parole violation occurred, the parolee shall be reinstated to parole status.
(5) If the parole board member or hearings officer conducting the fact-finding hearing determines from a preponderance of the evidence that a parole violation has occurred, the member or hearings officer shall present the relevant facts to the parole board and make a recommendation as to the disposition of the charges.
(6) If a preponderance of the evidence supports the allegation that a parole violation occurred, the parole board may revoke parole, and the parolee shall be provided with a written statement of the findings of fact and the reasons for the determination within 60 days after the paroled prisoner has been returned or is available for return to a state correctional facility.
(7) A parolee who is ordered to make restitution under the crime victim’s rights act, Act No. 87 of the Public Acts of 1985, being sections 780.751 to 780.834 of the Michigan Complied Laws, or the code of criminal procedure, Act No. 175 of the Public Acts of 1927, being sections 760.1 to 776.21 of the Michigan Compiled Laws, or to pay an assessment ordered under section 5 of Act No. 196 of the Public Acts of 1989, being section 780.905 of the Michigan Compiled Laws, as a condition of parole may have his or her parole revoked by the parole board if the parolee fails to comply with the order and if the parolee has not made a good faith effort to comply with the order. In determining whether to revoke parole, the parole board shall consider the parolee’s employment status, earning ability, and financial resources, the willfulness of the parolee’s failure to comply with the order, and any other special circumstances that may have a bearing on the parolee’s ability to comply with the order.

 Although Stewart was decided in 1969, after the repeal of MCL 791.240, the issue before the Court at that time was the proper interpretation of MCL 791.240 because the alleged parole violations at issue in Stewart occurred in 1967, before the repeal and subsequent reenactment of the statute.

 One of the primary differences between the 1968 version of MCL 791.240a and its predecessor, MCL 791.240, is that the 1968 version of MCL 791.240a also included an exception for misdemeanor and felony convictions in jurisdictions other than the state of Michigan.

 See Donajkowski v Alpena Power Co, 460 Mich 243, 258-262; 596 NW2d 574 (1999).

 See also Smith v Detroit, 388 Mich 637, 650-651; 202 NW2d 300 (1972) (“ ‘Even more persuasive is the rule that where the basic provisions of a statute have been construed by the courts and these provisions are subsequently reenacted by the legislature, it may be assumed that the legislature acted with knowledge of the Court’s decisions and that the legislature *666 intended the reenacted statute to carry the Court’s interpretation with it.’ ” Quoting Breckon v Franklin Fuel Co, 383 Mich 251, 295; 174 NW2d 836 [1970] [Adams, J., dissenting]); Sheppard v Michigan Nat’l Bank, 348 Mich 577, 631-632; 83 NW2d 614 (1957) (Chief Justice Dethmers,, concurring, wrote “Where a statutory provision is re-enacted without change in language, it must be presumed that the action was taken in the light of prior judicial construction placed upon it and with the intent to adopt such construction. When the Supreme Court has placed an interpretation on a statute over a considerable period of years it may indulge in the judicial assumption that the legislature has been content with that interpretation because of its failure to exercise its independent prerogative to restate the provision.” [Citations omitted.]).