*648 Young, J.
We granted leave to appeal in this case to consider whether plaintiff parolee was properly discharged from prison where defendant, the Department of Corrections, failed to conduct a timely fact-finding hearing under MCL 791.240a on plaintiffs parole violation charges.[1] Because we conclude that nothing in the plain language of MCL 791.240a permits the release of a parole violator under the circumstances of this case and that the appropriate remedy for the department’s failure to timely conduct a fact-finding hearing is a writ of mandamus, we reverse the judgment of the Court of Appeals, dismiss plaintiff’s complaint for habeas corpus relief and reinstate the order of the parole board revoking plaintiff’s parole.
I. FACTUAL AND PROCEDURAL BACKGROUND
In October 1998, plaintiff was paroled from sentences imposed for controlled substances convictions. Plaintiff tested positively for cocaine on several occasions after his release on parole, and his original twenty-four-month parole term was extended because of various parole violations prior to those at issue in this case.[2] In February 2001, plaintiff again tested positively for cocaine, and he subsequently failed to report to his parole officer. These two parole violation charges were first detailed in a warrant issued February 13, 2001. A third parole violation charge was *649 added on March 12, 2001, charging plaintiff with fleeing and eluding police.[3]
Plaintiff waived his right to a preliminary hearing under MCL 791.239a. On April 19, 2001, plaintiff appeared before a Department of Corrections administrative law examiner (ale) and received notice of the charges against him and the time, place, and purpose of the fact-finding hearing as required by MCL 791.240a(2). Plaintiff admitted that he had used cocaine and had failed to report to his parole officer. However, plaintiff denied the third parole violation charge, the commission of the criminal offense of fleeing and eluding police. Plaintiff asked to present evidence in mitigation of the parole violations pursuant to MCL 791.240a(2)(d). He did not object to the date of the fact-finding hearing, which was scheduled for May 16, 2001.
At the fact-finding hearing, the ale noted that the plaintiff had pleaded guilty of the first two counts alleging violation of the conditions of parole. The third count, alleging commission of a criminal offense, was dismissed pursuant to MCL 791.240a(l) for failure to hold a hearing within forty-five days of the date of plaintiffs arrest, March 11, 2001. Nevertheless, the ale accepted evidence in mitigation of that offense.[4] The ale determined that plaintiff was in violation of the conditions of his parole as charged in the first two counts of the warrant, ruling that plaintiff’s guilty plea provided a sufficient factual basis to establish the charged violations by a preponderance *650 of the evidence. The ale recommended a revocation of plaintiff’s parole and continuation of plaintiff’s incarceration for eighteen months before again considering plaintiff for parole.[5] The parole board adopted the ale’s recommendation.
Plaintiff filed a complaint for a writ of habeas coipus in the circuit court, contending that he was entitled to discharge from prison because the fact-finding hearing was not held until the sixty-sixth day of his availability for return to a state correctional facility. The circuit court denied the requested relief. Plaintiff then filed a complaint for habeas corpus relief in the Court of Appeals,[6] which entered an order of habeas corpus discharging plaintiff from prison and returning him to the jurisdiction of the parole board. Unpublished opinion per curiam, issued November 30, 2001 (Docket No. 236835).
The Attorney General, on behalf of the Department of Corrections, filed an application for leave to appeal the judgment of the Court of Appeals. This Court issued a stay of the Court of Appeals decision and granted defendant’s application for leave to appeal. 467 Mich 884 (2002).
*651 II. STANDARD OF REVIEW
At issue in this case is whether a parolee accused of a parole violation is entitled to discharge from prison where a fact-finding hearing on the charge is not held within forty-five days as required by MCL 791.240a(l). This Court reviews de novo the interpretation and application of a statute as a question of law. Cruz v State Farm Mut Automobile Ins Co, 466 Mich 588, 594; 648 NW2d 591 (2002); People v Thousand, 465 Mich 149, 156; 631 NW2d 694 (2001). If the language of the statute is clear, “no further analysis is necessary or allowed to expand what the Legislature clearly intended to cover.” Miller v Mercy Mem Hosp, 466 Mich 196, 201; 644 NW2d 730 (2002).
in. ANALYSIS
A. MCL 791.240a(l)
A prisoner enjoys no constitutional or inherent right to be conditionally released from a validly imposed sentence. See Greenholtz v Inmates of Nebraska Penal & Correctional Complex, 442 US 1, 7; 99 S Ct 2100; 60 L Ed 2d 668 (1979); People v Malmquist, 155 Mich App 521; 400 NW2d 317 (1986).[7] Furthermore, parole revocation is not a stage of a criminal prosecution. See Gagnon v Scarpelli, 411 US 778, 782; 93 S Ct 1756; 36 L Ed 2d 656 (1973); Morissey v Brewer, 408 US 471, 480; 92 S Ct 2593; 33 L Ed 2d 484 *652 (1972). However, pursuant to Morrissey, limited due process requirements, including notice and the opportunity to be heard, apply to the loss of liberty occasioned by parole revocation.
The granting, rescission, and revocation of parole in Michigan is overseen by the Bureau of Pardons and Paroles pursuant to MCL 791.231 el seq. This statutory scheme makes clear that, with limited exception,[8] matters of parole lie solely within the broad discretion of the parole board, and that the freedom enjoyed by a paroled prisoner is a limited freedom.[9] The release of a prisoner on parole “shall be granted solely upon the initiative of the parole board,” MCL 791.235(1), and a paroled prisoner remains in the legal custody and under the control of the Department of Corrections, MCL 791.238(1). A parole is “a permit to the prisoner to leave the prison,” not a release. MCL 791.238(6). Furthermore, a parolee may be arrested without a warrant where there exists reasonable cause to believe that he has violated parole. MCL 791.239.
The procedural requirements of MCL 791.240a serve to protect the due process interests, as outlined by Morrissey, of a parolee whose liberty is at stake by virtue of a charge of parole violation. However, *653 contrary to the holding of the Court of Appeals in this case, MCL 791.240a neither deprives the parole board of jurisdiction to revoke parole nor requires the discharge of a parolee where the required hearing has been delayed beyond the forty-five-day period prescribed.
MCL 791.240a(l) provides:
Within 45 days after a paroled prisoner has been returned or is available for return to a state correctional facility under accusation of a parole violation other than conviction for a felony or misdemeanor punishable by imprisonment under the laws of this state, the United States, or any other state or territory of the United States, the prisoner is entitled to a fact-finding hearing on the charges before 1 member of the parole board or an attorney hearings officer designated by the chairperson of the parole board. The fact-finding hearing shall be conducted only after the accused parolee has had a reasonable amount of time to prepare a defense. The fact-finding hearing may be held at a state correctional facility or at or near the location of the alleged violation.
The Court of Appeals “reluctantly” held that it was required, pursuant to this Court’s decision in Stewart v Dep’t of Corrections, 382 Mich 474; 170 NW2d 16 (1969), to order plaintiff’s release from prison because the fact-finding hearing was not held within forty-five days of his availability for return to the Department of Corrections as required by MCL 791.240a(l). The panel further opined that habeas corpus relief was appropriate on the basis of this Court’s order granting such relief to an alleged parole violator in In re Lane, 377 Mich 695 (1966), after a Court of Appeals panel had determined that a writ of mandamus was the appropriate remedy for the failure *654 to hold a timely parole violation hearing.[10] However, the panel urged this Court to reconsider Stewart and Lane\
In light of these Supreme Court cases, we have little option but to grant plaintiffs requested relief. However, we urge defendant to seek review in the Supreme Court and for the Supreme Court to reverse us. We agree with our prior opinion in Lane [2 Mich App 140; 138 NW2d 541 (1965)] that mandamus is a more appropriate remedy than habeas corpus. We see little rational reason to require that plaintiff be returned to parole status. It would seem to us that if defendant violates the forty-ñve-day rule, it could properly be remedied by mandamus. It might perhaps even be appropriate to require that a parolee be released from detention on the forty-sixth day. However, we find nothing in the statute or in common sense to justify entitling plaintiff to a return to parole status, particularly in light of parole violations to which he has admitted. [Slip op at 2.]
In Stewart, the plaintiff was charged with several alleged parole violations. The plaintiff admitted his guilt on some of the charges. Although the plaintiff demanded a formal hearing under former MCL 791.240, the predecessor of the current MCL 791.240a,[11] in light of the plaintiffs admission of guilt the parole board denied the request for a hearing.
*655 This Court affirmed the judgment of the Court of Appeals granting the plaintiffs writ of superintending control against the Department of Corrections, holding that
[t]he failure of the parole board to conduct the hearing provided for by the statute within 30 days constituted, in effect, a waiver of any claim based upon these violations since the alleged violations were not “a felony or misdemeanor under the laws of this state.”[12] We further conclude that, under these circumstances, the plaintiff is entitled to be discharged from prison but he will remain under the jurisdiction of the parole board as per their order of December 9, 1966. [Stewart, supra at 479.]
The Stewart Court erred, in our judgment, by engrafting onto the terms of former MCL 791.240 a remedy that had no basis in the plain language of the statute. As we have recently noted on several occasions, “ ‘our judicial role precludes imposing different policy choices than those selected by the Legislature, [and] our obligation is, by examining the statutory language, to discern the legislative intent that may reasonably be inferred from the words expressed in the statute.’ ” People v Sobczak-Obetts, 463 Mich 687, 694-695; 625 NW2d 764 (2001), quoting People v McIntire, 461 Mich 147, 152; 599 NW2d 102 (1999). In *656 determining that the parole board had waived its authority and that the plaintiff was entitled to discharge, the Stewart Court created a remedy for a violation of former MCL 791.240 that was not grounded anywhere in the statutory scheme and thus exceeded its judicial authority.[13]
We decline to impose the relinquishment of the parole board’s statutory authority[14] to revoke parole as a remedy for a violation of the forty-five-day limitation period provided in MCL 791.240a(l). To infer such a legislative intent where none is indicated either in the text of MCL 791.240a or elsewhere in the statutory scheme “would be an exercise of will rather than judgment.” People v Stevens (After Remand), 460 Mich 626, 645; 597 NW2d 53 (1999) (emphasis in original). We overrule Stewart to the extent that it conflicts with today’s holding.[15]
*657 b. response to the dissent
The dissent, invoking the so-called “reenactment rule,” asserts that because the post-Stewart revisions to MCL 791.240 and MCL 791.240a do not “clearly show an intention to undo this Court’s holding in Stewart,” we must assume that the Legislature intended to adopt the extra-statutory remedy imposed by the Stewart Court. We decline to impose on the Legislature any such duty to “clearly show” its intention to repudiate any judicial construction with which it disagrees.
As we have recently explained in People v Hawkins, 468 Mich 488; 688 NW2d 602 (2003), the reenactment rule cannot be used as a tool to circumvent the plain and unambiguous language of a statute. Nothing in the language of MCL 791.240a indicates the Legislature’s intent to adopt the Stewart Court’s holding that the parole board waives its right to pursue parole violation charges by failing to conduct a hearing within the statutory period. While the dissent opines that the Legislature’s failure to affirmatively limit the holding in Stewart is indicative of its approval of that holding, an equally plausible conclusion to be drawn from the Legislature’s silence is that it intended to reject the Stewart Court’s analysis. See Hawkins, supra at 502-503 n 12.
“[0]ur most fundamental principle of statutory construction [is] that there is no room for judicial interpretation when the Legislature’s intent can be ascertained from the statute’s plain and unambiguous language.” Hawkins, supra at 510. Because there is no clear indication in the language of MCL 791.240a(l) that the Legislature intended to either adopt or repu *658 diate the Stewart Court’s imposition of an extra-statutory remedy for a violation of that statute, we decline to apply the reenactment rule in this case.
C. APPROPRIATE REMEDY FOR A VIOLATION OF MCL 791.240a(l)
Where an official has a clear legal duty to act and fails to do so, the appropriate remedy is an order of mandamus. See In re MCI, 460 Mich 396, 442-443; 596 NW2d 164 (1999); Lickfeldt v Dep’t of Corrections, 247 Mich App 299, 302; 636 NW2d 272 (2001).[16] Where, as here, the Legislature has established a clear, ministerial duty, but has failed to prescribe any consequence for a violation of that duty, a plaintiff may seek a writ of mandamus to compel compliance with the statutory duty. Accordingly, we agree with the suggestion of the Court of Appeals in this case— and in Lane, 2 Mich App 144 — that the proper remedy for the failure to hold a timely hearing as required by MCL 791.240a(l) is a complaint for an order of mandamus rather than for a writ of habeas corpus.[17]
IV. CONCLUSION
Because nothing in the text of MCL 791.240a or the remainder of the statutory scheme governing paroles indicates a legislative intent that a violation of the *659 forty-five-day time limit established by MCL 791.240a(l) requires the discharge of a prisoner, we reverse the decision of the Court of Appeals and reinstate the order of the parole board revoking plaintiffs parole. The appropriate remedy for a violation of the forty-five-day requirement is a writ of mandamus. To the extent that this Court’s decisions in Stewart and Lane conflict with today’s holding, they are overruled.
Corrigan, C.J., and Taylor and Markman, JJ., concurred with Young, J.

 MCL 791.240a(l) provides in part that “[wjithin 45 days after a paroled prisoner has been returned or is available for return to a state correctional facility under accusation of a parole violation . . the prisoner is entitled to a fact-finding hearing on the charges . . .

 Plaintiffs prior parole violations included an incident in which he punched and threatened a woman; cocaine use; and failure to report to his parole officer.

 Plaintiff was subsequently convicted in the Washtenaw Circuit Court of fourth-degree fleeing and eluding in violation of MCL 750.479a(2).

 Apparently, plaintiff’s only mitigation evidence pertained to the dismissed third count of the parole violation warrant.

 The ale noted: “Parolee is a drug offender who has previously violated his parole on charges of assault, using cocaine, failing to enter treatment, and absconding. For these violations, he has been diverted to [the Technical Rules Violation Center] three times. . . . Parolee has plainly established that he remains an unwarranted danger to the community, will likely re-offend, and is not amenable to parole supervision.”

 The Court of Appeals treated plaintiff’s complaint as an original action, noting that plaintiff had not appealed from tire circuit court’s denial of habeas corpus relief.

 A preliminary hearing is required to determine if there is probable cause to believe that parole conditions have been violated. However, a paroled prisoner may be arrested and detained without a warrant. MCL 791.239, 791.239a. This reflects the conditional nature of the release and the continuing authority of the Department of Corrections to maintain the prisoner in custody.

 See MCL 791.234(1); MCL 791.234a.

 See Momssey, supra at 480:
[T]he revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations. . . . Revocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions. [Citation omitted.]

 At issue in Stewart and Lane was former MCL 791.240, the predecessor of MCL 791.240a. Former MCL 791.240 was repealed by 1908 PA 192. *655 right to produce witnesses and proofs in his favor and to meet the witnesses who are produced against him. . . .

 MCL 791.240, which was substantially similar to the current MCL 791.240a, provided:
Whenever a paroled prisoner is accused of a violation of his parole, other than the commission of, and conviction for, a felony or misdemeanor under the laws of this state, he shall be entitled to a fair and impartial hearing of such charges within 30 days before 2 members of the parole board under such rules and regulations as the parole board may adopt. Upon such hearing such paroled prisoner shall be allowed to be heard by counsel of his own choice, at his own expense, and may defend himself, and he shall have the

 The parole board argued in Stewart that because the plaintiff had been convicted of a crime in Missouri, he was riot entitled to a parole violation hearing because the conduct underlying the Missouri conviction was a “felony or misdemeanor under the laws of this state” within the meaning of former MCL 791.240. One of the primary differences between former MCL 791.240 and current MCL 791.240a is that the current statute does not require a fact-finding hearing for parole violations based on convictions punishable by imprisonment not only in this state, but in “the United States ... or any other state or territory of the United States. . . .”

 The Legislature well knows how to provide remedies for statutory time limitation violations and has explicitly done so in other settings. See, e.g., MCL 780.133 (providing that where the “180-day rule” of MCL 780.131 is violated, the courts of this state lose jurisdiction and must dismiss the action with prejudice).

 MCL 791.240a(6).

 The Attorney General cites Hawkins v Michigan Parole Bd, 390 Mich 569; 213 NW2d 193 (1973), in which this Court adopted and affirmed an opinion of the Court of Appeals ordering a parole revocation hearing de novo on the ground that the allegedly indigent plaintiff was not accorded a proper hearing because he was not provided with court-appointed counsel. The Attorney General essentially argues that Stewart was overruled sub silentio by this Court’s decision in Hawkins. However, Hawkins is inapposite because the parties in that case stipulated that such a hearing would be held. See Hawkins v Michigan Parole Bd, 45 Mich App 529, 531; 206 NW2d 764 (1973). Thus, unlike in Stewart and the present case, the consequences of holding an improper parole revocation hearing were not at issue in Hawkins.

 See Phillips v Warden, State Prison of Southern Michigan, 153 Mich App 557, 566; 396 NW2d 482 (1986) (“Habeas corpus is an alternative remedy and may be refused in the exercise of discretion where full relief may be obtained in other more appropriate proceedings.”).

 As noted by the Court of Appeals in this case, this Court, without comment, granted habeas corpus relief to the petitioner in Lane. To the extent that any implication arises from this Court’s terse order in Lane that habeas corpus relief is appropriate for a violation of MCL 791.240a(l), we overrule that decision.