Corrigan, J.
(concurring). I concur in the order declining to answer the question certified by the United States Bankruptcy Court for the Eastern District of Michigan. The question certified is when an instrument should be deemed recorded where the register of deeds has failed to maintain an entry book as required by MCL 565.24. I concur in declining to answer this question because the failure of certain of our state’s registers of deeds to comply with the statutory mandate presents a political issue that must be addressed and resolved by the political branches of our state government.
MCL 565.24 provides: “Every register of deeds shall keep an entry book of deeds and an entry book of mortgages . . . .’’An instrument is deemed recorded at the time noted in the entry book. MCL 565.25(4). Despite this clear statutory mandate, it appears that the registers of deeds in several Michigan counties, including Wayne, Oakland, Macomb, and Kalamazoo counties, do not keep entry books.
This Court’s obligation is to discern the legislative intent that may reasonably be inferred from the words expressed in a statute. Jones v Dep’t of Corrections, 468 Mich 646, 655 (2003). The text of MCL 565.25(4) is very clear. An instrument is deemed recorded at the time noted in the entry book. The statutory scheme thus prescribes a particular method for determining the time of recordation. Certain of the registers have rendered it impossible to follow the statutorily mandated method by their failure to maintain entry books. It is not our role to rewrite the statute where the registers have failed to maintain entry books.
Although this Court lacks any authority to amend the statute to address this problem, I nonetheless recognize that the registers’ failure to maintain entry books may seriously undermine the certainty and *1212 stability of our system for recording deeds and mortgages. The registers’ failure to follow the statutorily prescribed method tends to make it more difficult in many cases to discern when an instrument has been recorded. The responsibility for addressing this matter lies with the political branches of our government. The registers of deeds are executive branch officials over whom this Court does not exercise general supervisory authority.
A possible solution to this problem may he with the Legislature. That body may wish to consider whether to modernize the statutorily prescribed method of recordation. An argument may exist that the mandatory use of entry books is an outdated means of recordation in light of technological advances in the ability to gather and store information. That is a policy judgment for the Legislature to make. It is not the role of this Court to second-guess the elected representatives of the people in deciding whether and how to address this problem.