# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN BUGGS and DANIEL BONAMIE,

        Plaintiffs-Appellants,

v

DEPARTMENT OF NATURAL RESOURCES
and KEITH CREAGH,

        Defendants-Appellees.

UNPUBLISHED
May 16, 2017

No. 329782
Court of Claims
LC No. 15-000119-MB

Before: MARKEY, P.J., and MURPHY and METER, JJ.

PER CURIAM.

Plaintiffs, John Buggs and Daniel Bonamie, appeal as of right an order of the Court of Claims granting summary disposition to defendants, the Department of Natural Resources and its director Keith Creagh, and dismissing plaintiffs' complaint for a writ of mandamus to compel defendants to take steps to revoke gas line easements granted to Encana Oil & Gas, Inc., on state-owned land in Kalkaska and Crawford counties. We affirm.

In January 2013, Encana Oil filed applications with the Michigan Public Service Commission (PSC) requesting authority to build natural gas pipelines on state-owned land in Crawford and Kalkaska counties. The PSC issued ex-parte orders on January 31, 2013, approving construction and operation of the pipelines. In February and June of 2013, the Department of Natural Resources (DNR) conveyed easements, known as the Beaver Creek easement and the Garfield easement, to Encana Oil to allow it to build the pipelines.[1] The pipelines were completed in September 2013 and have been in operation since that time.

Plaintiffs are property owners in Crawford County and are concerned about the environmental impact of the pipelines. Plaintiffs sought to intervene in the PSC proceedings. The PSC denied plaintiffs' motions to intervene; nevertheless, plaintiffs appealed the PSC's January 31, 2013, orders to this Court. In *Buggs v Mich Pub Serv Comm*, unpublished opinion per curiam of the Court of Appeals, issued January 13, 2015 (Docket Nos. 315058, 315064), this Court held that the PSC violated the Michigan Environmental Protection Act (MEPA), MCL

---

[1] Subsequently, the easements were assigned to DTE Michigan Gathering Holding Company.

324.1701 *et seq.*, by failing to address the environmental impact of the pipeline project. Therefore, this Court vacated the PSC's orders and remanded for new necessity determinations in both cases, with instructions that the PSC address environmental impact concerns under MEPA and relevant case law. *Buggs*, unpub op at 11. On remand, plaintiffs filed a new motion to intervene in the PSC proceedings.

While the remand proceedings were pending with the PSC, plaintiffs filed the instant action against the DNR and its director, seeking a writ of mandamus and an injunction requiring the DNR to revoke the easements. The complaint alleged that: (1) the 35-foot wide Beaver Creek easement violated the DNR's policy mandating a maximum easement width of 20 feet, (2) the Beaver Creek easement was improperly altered and its implementation violated the statute of frauds, (3) Encana Oil violated the Beaver Creek and Garfield easements by excavating outside the easement widths and failing to report to the DNR the deaths of two suspected Kirtland's Warblers, and (4) the Beaver Creek and Garfield easements terminated by their terms because PSC-approved use did not begin within two years.

The DNR moved for summary disposition pursuant to MCR 2.116(C)(4), (8), and (10), arguing that summary disposition was appropriate because plaintiffs failed to file a timely notice of intent to file suit against the state, and because the DNR's challenged acts were not illegal and were proper exercises of the DNR's discretion.

In the interim, the PSC issued orders on September 23, 2015, denying plaintiffs' second motion to intervene and again approving Encana Oil's applications to build the pipelines.

Thereafter, the Court of Claims issued an opinion and order granting summary disposition to defendants pursuant to MCR 2.116(C)(8) and (10). The Court of Claims held that plaintiffs were not entitled to mandamus because they had not shown that the DNR had a duty to revoke the easements. The Court of Claims also denied plaintiffs' motion to amend their complaint, finding that any amendment would be futile because an amendment could not overcome the defects in the original complaint.

A writ of mandamus is issued by a court of superior jurisdiction to compel a public officer to perform a clear legal duty. *Jones v Dep't of Corrections*, 468 Mich 646, 658; 664 NW2d 717 (2003). In order to obtain a writ of mandamus, a plaintiff must have a clear legal right to the performance of the specific duty sought to be compelled, the act sought must be ministerial, the defendant must have a clear legal duty to perform the act, and the plaintiff must be without another adequate legal or equitable remedy. *Casco Twp v Secretary of State*, 472 Mich 566, 577; 701 NW2d 102 (2005); *Lickfeldt v Dep't of Corrections*, 247 Mich App 299, 302; 636 NW2d 272 (2001). The extent of the defendant's duty is a question of law. See *Lansing Sch Ed Ass'n v Lansing Sch Dist Bd of Ed (On Remand)*, 293 Mich App 506, 513; 810 NW2d 95 (2011).

We review for an abuse of discretion a lower court's decision to grant or deny a writ of mandamus. *Id*.

The remedy of mandamus is not available to plaintiffs given the nature of their challenges to the DNR's actions of conveying easements for the building of the pipelines.

-2-

The DNR is authorized to grant easements "upon terms and conditions the department determines just and reasonable[.]" MCL 324.2129. The DNR's official policy *recommends* a 20-foot wide easement for a pipeline up to twelve inches in width. DNR Policy 28.46-05, Easement for the Use of State Lands, p 7. In an affidavit, Gerald Grieve, a Land Use Forester with the DNR, stated that the Beaver Creek pipeline is a "high pressure gathering line" and that a wider easement was therefore warranted "for safety reasons." The Court of Claims correctly found that nothing precluded the DNR from granting an easement in excess of 20 feet for the Beaver Creek pipeline. This reasoning applies with equal force to the Garfield pipeline; Grieve attested that the Garfield pipeline, too, is a high pressure gathering line and requires a wider easement for safety reasons.[2]

The correction of a typographical error in the original Beaver Creek easement and the insertion of the corrected page into the easement document also was not improper. The only alteration made was a correction to the description of the land that comprised the easement, and that alteration was agreed to by the parties. The parties to a contract may agree to alter that contract. See *Port Huron Ed Ass'n v Port Huron Area Sch Dist*, 452 Mich 309, 326-327; 550 NW2d 228 (1996). Moreover, the conveyance was in writing and, therefore, did not violate the statute of frauds, MCL 566.106. Plaintiffs have pointed to no improper conduct by any party and have not established that the alteration of the easement required the Court of Claims to order the DNR to take steps to revoke the Beaver Creek easement.

The Court of Claims noted that the DNR acknowledged that it received a report concerning the dead birds, but that when the DNR asked the individual to provide the birds, the person said he had buried them. Plaintiffs rely on an affidavit from Gary Cooley, the person who saw the dead birds. In the affidavit, Cooley denied that he told the DNR that he had buried the birds, and claimed that when he returned to the location with a camera, the birds were gone. Plaintiffs assert that they do not claim that Encana Oil's activities killed the birds, but argue that because Encana Oil did not preserve the birds, which were suspected to be a protected species, it breached its duty under the easement, and the DNR should be ordered to take steps to revoke the easement.

Plaintiffs are not entitled to mandamus relief on this issue. As aptly stated by defendants:

---

[2] Plaintiffs seem to be arguing that Grieve's description of the Garfield pipeline does not comport with the opinion of the Court of Claims, which stated that the Garfield easement was 50 feet. However, Grieve stated that the easement was 35 feet, combined with "15 feet of county road right-of-way." The Court of Claims likely considered these two figures when citing the figure of 50 feet. Plaintiffs also argue that Garfield easement was supposed to be limited to 20 feet but have failed to adequately support this argument and have not demonstrated that the DNR had a clear legal duty, involving no exercise of discretion or judgment, to take steps to revoke the Garfield easement based on the alleged "overstepping of boundaries." *Lickfeldt*, 247 Mich App at 302.

[T]he fact that a lay person claims to have informed an independent contractor working for Encana that he saw two dead birds which may have been protected species . . . does not provide a basis for the Court of Claims to *order* the DNR to sue Encana and DTE for breach of contract and seek rescission of the easement agreements.

The DNR did not have a clear legal duty, involving no exercise of discretion or judgment, to take steps to revoke the Beaver Creek easement based on plaintiffs' argument concerning the birds. *Lickfeldt*, 247 Mich App at 302.

Next, plaintiffs argue that the Court of Claims should have ordered the DNR to revoke both easements because the easements were not properly used within two years of their issuance. We disagree.

Paragraph 22 of each easement provides:

In case the said easement herein conveyed shall not be used by Grantee, its successors and assigns, for a period of two (2) years, from and after the date of issuance, then and in that event said easement shall terminate.

Plaintiffs do not dispute that the easements were used for the purposes for which they were granted within two years after they were issued. Plaintiffs argue, however, that the easements were not "lawfully" used within this period because the 2013 PSC orders authorizing the pipelines were vacated by this Court in *Buggs*, unpub opn at 11, and the PSC's order on remand approving the pipelines was issued more than two years after the easements were issued. However, no language in paragraph 22 requires that a determination of the legality of the grant of the easement be made before the commencement (or completion) of the project for which the easement was granted. Plaintiffs have pointed to no legal authority to support interpreting paragraph 22 in the way they desire. A party cannot merely announce a position and leave it to this Court to search for and rationalize the basis for the claim. *Bronson Methodist Hosp v Mich Assigned Claims Facility*, 298 Mich App 192, 199; 826 NW2d 197 (2012).

Finally, plaintiffs argue that the Court of Claims abused its discretion by denying their motion to amend their complaint. We disagree. We review for an abuse of discretion a decision on a motion to amend a complaint. *Weymers v Khera*, 454 Mich 639, 654; 563 NW2d 647 (1997).

MCR 2.118(A)(2) provides that leave to amend a complaint "shall be freely given when justice so requires." Plaintiffs argue only that the Court of Claims abused its discretion by denying their motion to amend the complaint because justice required the amendment. The Court of Claims made findings regarding why the amendment was not required, *Ben P Fyke & Sons v Gunter Co*, 390 Mich 649, 658; 213 NW2d 134 (1973), but plaintiffs do not address those findings or explain why an amendment would enable them to show entitlement to mandamus. Plaintiffs quote MCR 2.118(A)(2), but otherwise do not argue the merits of their claim. This failure constitutes an abandonment of the issue. See *PIC Maint, Inc v Dep't of Treasury*, 293 Mich App 403, 414; 809 NW2d 669 (2011) (failure to articulate how statute violates due process constitutes abandonment of argument).

Affirmed.

/s/ Jane E. Markey
/s/ William B. Murphy
/s/ Patrick M. Meter