*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TOM J. BARROW,

        Plaintiff-Appellant,

v

WAYNE COUNTY BOARD OF CANVASSERS,

        Defendant-Appellee.

FOR PUBLICATION
May 12, 2022
9:00 a.m.

No. 358669
Wayne Circuit Court
LC No. 21-011140-AW

Before: JANSEN, P.J., and CAVANAGH and RIORDAN, JJ.

CAVANAGH, J.

Plaintiff appeals as of right the trial court's order denying his emergency motions for mandamus, declaratory judgment, and to show cause. Plaintiff, a losing candidate in a primary election for local office, moved the trial court to declare that defendant had a duty to investigate his claims of fraud and to enter an order compelling defendant to fulfill this duty. The trial court denied his request. On appeal, plaintiff argues that the trial court abused its discretion in denying his motions because MCL 168.869 places a clear legal duty on defendant to investigate his claims of fraud. Observing that the 2021 general election concluded, plaintiff concedes that he raises a moot issue. But he urges this Court to consider this moot issue because it is an issue of public significance, is likely to reoccur, and is likely to evade judicial review. We agree that we should consider this issue, but we disagree that the trial court abused its discretion or erred as a matter of law; therefore, we affirm.

This case arises from plaintiff running in the August 3, 2021 primary election for mayor of the city of Detroit. Plaintiff lost in the primary. MCL 168.862 allows a losing candidate to petition the applicable board of county canvassers[1] for a recount:

---

[1] A board of county canvassers has two main functions: to "determine and declare the results of an election for all county and local propositions," *Wills v Iron Co Bd of Canvassers*, 183 Mich App

A candidate for office who believes he or she is aggrieved on account of fraud or mistake in the canvass or returns of the votes by the election inspectors may petition for a recount of the votes cast for that office in any precinct or precincts as provided in this chapter. The candidate must be able to allege a good-faith belief that but for fraud or mistake, the candidate would have had a reasonable chance of winning the election.

In light of MCL 168.862, on August 17, 2021, plaintiff petitioned defendant to conduct a manual recount of certain "Absent Voter Counting Boards" and certain precincts. In his petition, plaintiff alleged that, because "malfeasant city actors" had perpetrated acts of fraud, defendant's count of absentee ballots was incorrect. Though plaintiff's petition is vague, he seemed to allege that these "malfeasant city actors and officials" committed the following acts of fraud:

- That they had inserted "test ballots" into absentee cases after the polls had closed.

- That on the evening of the primary election, "a van, with the words 'Mobile Voting' on the side, was observed repeatedly entering and leaving the TCF Center Absentee Voter Counting Board area from which thousands of believed false ballots were unloaded."

- That around 1:00 a.m. on August 4, 2021, "a Black Luxury SUV vehicle also arrived and was observed entering the TCF [C]enter from which additional absentee ballots were observed to be unloaded."

Plaintiff alleged that defendant could verify his allegations by undertaking various investigatory steps. Among other things, plaintiff asked defendant to "[c]reate a county spread sheet" showing the number of test ballots and regular ballots delivered to each precinct and to subpoena the Detroit Election Commission to produce a range of different documents.

---

797, 802; 455 NW2d 405 (1990), citing MCL 168.826, and to conduct recounts of elections within a board's jurisdiction, see MCL 168.24a.

In relevant part, MCL 168.24a states:

(1) A 4-member board of county canvassers is established in every county in this state. All of the powers granted to and duties required by law to be performed by all boards of canvassers established by law, other than the board of state canvassers, are granted to and required to be performed by the board of county canvassers.

(2) The board of county canvassers shall conduct all recounts of elections in cities, townships, villages, school districts, metropolitan districts, or any other districts and be vested with all of the powers and required to perform all the duties in connection with any recount. [MCL 168.24a(1)-(2)].

Defendant approved plaintiff's petition and agreed to conduct a recount, which defendant scheduled for August 31, 2021. A day before the recount, on August 30, 2021, plaintiff moved the trial court to issue a writ of mandamus, a declaratory judgment, and an order to show cause. In the motions, plaintiff alleged that, during defendant's meeting about his petition, counsel for defendant had told defendant that defendant did not have to investigate the factual allegations in plaintiff's petition. Therefore, plaintiff asked the trial court to issue a writ of mandamus compelling defendant to investigate according to MCL 168.869 and MCL 168.870. He also asked for a declaratory judgment declaring that defendant had a duty to investigate in accordance with these statutes and an order requiring defendant to show cause why a declaratory judgment should not issue.

Before the trial court ruled on plaintiff's motions, defendant conducted a recount on August 31, 2021 as scheduled.[2] Plaintiff observed the recount. In an affidavit filed after the recount, however, plaintiff complained that the recount was deficient. Notably, plaintiff averred that defendant had not performed "any act of investigation." Further, he averred that defendant had declined to question his witness, who allegedly saw a car unload ballots at the TCF Center after the polls closed. Finally, he averred that a case containing absentee ballots was 104 ballots short.

In response to plaintiff's affidavit, defendant's counsel asserted that defendant had "observed all necessary formalities" at the recount, that defendant had found no test ballots during its recount, and that 19 of the 20 precincts plaintiff challenged were recountable. Plaintiff had raised three challenges during the recount. Defendant considered those challenges but ultimately rejected them. Defendant provided a "recount calculation sheet" summarizing the results of the recount. This sheet showed that defendant had recounted 19 of the 20 precincts challenged by plaintiff. Before the recount, plaintiff had a total of 534 votes across those 20 precincts. After the recount, his vote total remained unchanged.

After the recount, plaintiff filed a brief in support of his August 30, 2021 motions. Citing MCL 168.869, he argued that defendant had a clear legal duty to investigate the facts in his petition and that defendant had failed to do so. The statute plaintiff cited, MCL 168.869, states:

> *Upon the filing of a petition for recount, and the giving of notice, if notice is required to be given, the board of county canvassers shall be summoned by the clerk of the board and here make an investigation of the facts set forth in the petition.* Should the recount involve a county or district office or proposition, the recount shall not be commenced until the board shall determine by communicating with the secretary of state that no petition has been filed requesting a recount by the board of state canvassers of ballots cast in the same district. In case said board shall

---

[2] Defendant attached to its brief on appeal a document titled "Minutes of Meeting." This document seems to provide a summary of what occurred at the recount, but this document did not appear in the record below. This Court's review is limited to the record developed by the trial court. *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002). We therefore decline to consider its contents.

be advised by the secretary of state that a petition has been filed with him praying for a recount by the board of state canvassers of the ballots cast in the same county or district, then no action shall be taken upon the recount until the county board shall receive instructions from the board of state canvassers. Nothing herein contained shall act to delay any recount of the ballots cast at any city, ward, township or village election if the ballots cast at such election are not sealed in the same ballot boxes with the state and county offices. With respect to any recount of ballots cast in any city, ward, township, village, school or district election, the board of county canvassers shall charge the appropriate local unit the actual and necessary expenses of conducting the recount, and the local unit shall pay such charges to the county treasurer. [Emphasis added.]

In response, defendant argued that, despite plaintiff's contentions, it did investigate plaintiff's allegations: defendant conducted a recount. And citing MCL 168.872,[3] defendant opined that it

---

[3] MCL 168.872 states:

Whenever a petition has been filed for a recount by any person conceiving himself aggrieved on account of any fraud, wrongdoing or violation of the law perpetrated or committed by any election inspector or inspectors or any other person in respect to said election for which said recount has been petitioned, in any primary or election, *and it shall appear to the board of canvassers having jurisdiction over said recount that there is probably cause to believe that there has been fraud, wrongdoing or a violation of the law in respect to said election for which said recount has been petitioned, the said canvassers shall make full and complete investigation of the same. Said canvassers shall have full power and authority to subpoena witnesses and to open any ballot box, regardless of the condition in which the same may be found, and may break open if sealed, the seal thereon and examine the ballots contained therein. If, after the investigation, said board has good reason to believe that any fraud, wrongdoing or a violation of the law has been committed in respect to said election, then said board of canvassers shall forthwith make a written report of their finding to the prosecuting attorney and to the circuit judge or judges of the county where the petitioner resides* if it be a county, city, township or village election, and to the attorney general and to the circuit judge of the county of Ingham if it be a district or state election. Said reports shall be signed by each of the canvassers having jurisdiction of said recount, or a majority thereof. Pending the making of such report, the board of canvassers having jurisdiction of such recount shall carefully preserve and safeguard the ballot boxes and the ballots contained therein until an order of the court, to which said report was submitted, is made authorizing the disposition of the same. Any action taken in such investigation shall not preclude any official recount of the ballots cast at any such election, if otherwise allowed by the general election laws. *The powers of investigation referred to in this section shall terminate with the completion of the recount.* [Emphasis added.]

could conduct the specific type of investigation that plaintiff wanted only if defendant found that there was "probably cause" to believe the allegations in plaintiff's petition. And because defendant had found at the recount that plaintiff's allegations were baseless, defendant had no duty to investigate further.

After a hearing on plaintiff's motions, the trial court found that plaintiff had not established that he had a legal right to anything beyond a recount and that plaintiff had otherwise failed to meet the requirements for mandamus. In agreement with defendant, the trial court reasoned that defendant had the authority to conduct the specific type of investigation that plaintiff wanted only if it appeared to defendant that there was probably cause to believe that fraud or wrongdoing occurred. Because defendant had concluded plaintiff's allegations were baseless, defendant had no duty to investigate plaintiff's claims any further. Next, reasoning that MCL 168.872 required defendant to make a "discretionary judgment call," the trial court found that the act plaintiff sought to be compelled was not ministerial in nature. The trial court therefore denied plaintiff's motions. This appeal followed.

## I. MOOTNESS

On appeal, plaintiff argues that the trial court abused its discretion or otherwise erred by denying his motions for mandamus and declaratory judgment. He argues that defendant had a clear legal duty to investigate the facts alleged in his petition and that defendant violated this duty. Plaintiff concedes that this issue is moot because the general election has long since concluded, but he argues that this Court should still consider this issue because it is an issue of public importance, likely to recur, and likely to evade judicial review.

The duty of Michigan courts is to decide actual cases and controversies therefore this Court generally does not decide moot issues,[4] and generally does not "declare legal principles that have no practical effect in a case," *Barrow v Detroit Election Comm*, 305 Mich App 649, 659; 854 NW2d 489 (2014). "An issue is moot if an event has occurred that renders it impossible for the court to grant relief. An issue is also moot when a judgment, if entered, cannot for any reason have a practical legal effect on the existing controversy." *Barrow*, 305 Mich App at 659-660 (quotation marks and citations omitted). "However, a moot issue will be reviewed if it is publicly significant, likely to recur, and yet likely to evade judicial review." *Id*. at 660 (quotation marks and citation omitted).

Our caselaw suggests that issues arising from the interpretation and application of Michigan's election laws are generally publicly significant. See *Gleason v Kincaid*, 323 Mich App 308, 315-316; 917 NW2d 685 (2018); *Barrow*, 305 Mich App at 660. And the issue presented here is likely to evade judicial review. Primary elections occur in August; general elections occur about three months later in November. See MCL 168.534. But MCL 168.866(3) provides: "Recount petitions shall be filed within 6 days after the original canvass has been completed by

---

[4] See *Can IV Packard Square, LLC v Packard Square, LLC*, 328 Mich App 656, 661; 939 NW2d 454 (2019), quoting *In re Tchakarova*, 328 Mich App 172, 178; 936 NW2d 863 (2019) (internal quotation marks and citation omitted).

the board of county canvassers." Considering the short period between the primary election and general election, it seems unlikely this Court would ever be able to consider this issue before a general election. See *Barrow*, 305 Mich App at 660 (holding that an issue was likely to evade judicial review because of the short time between the statutory deadline and subsequent election). Finally, this is an issue that is likely to reoccur. It is likely that candidates in future primaries will petition for recounts, and it is likely that those candidates could be dissatisfied with the adequacy of a board of county canvassers' investigations into his or her claims. Accordingly, we will consider the substantive merits of plaintiff's argument.

## II. MCL 168.869 AND DUTY TO INVESTIGATE

When reviewing a trial court's decision whether to issue a writ of mandamus, we review de novo the trial court's determination of the existence and extent of a duty. *Bay City v Bay Co Treasurer*, 292 Mich App 156, 164; 807 NW2d 892 (2011). But we review a trial court's ultimate decision for an abuse of discretion. *Berry v Garrett*, 316 Mich App 37, 41; 890 NW2d 882 (2016). An abuse of discretion occurs when the result is outside the range of reasonable and principled outcomes. *Bay City*, 292 Mich App at 164. Any underlying issue of statutory interpretation is a question of law subject to de novo review. *Id*. Likewise, we review de novo a trial court's decision on a motion concerning a request for declaratory judgment. *Van Buren Charter Twp v Visteon Corp*, 319 Mich App 538, 542; 904 NW2d 192 (2017) (citation omitted).

A writ of mandamus is issued by a court of superior jurisdiction to compel a public officer to perform a clear legal duty. *Jones v Dep't of Corrections*, 468 Mich 646, 658; 664 NW2d 717 (2003). "Mandamus is the appropriate remedy for a party seeking to compel action by election officials." *Attorney General v Bd of State Canvassers*, 318 Mich App 242, 248; 896 NW2d 485 (2016) (quotation marks and citation omitted). "The plaintiff bears the burden of demonstrating entitlement to the extraordinary remedy of a writ of mandamus." *Id*. at 249 (quotation marks and citation omitted). To be entitled to a writ of mandamus, a plaintiff must show that: "(1) the plaintiff has a clear, legal right to performance of the specific duty sought, (2) the defendant has a clear legal duty to perform, (3) the act is ministerial, and (4) no other adequate legal or equitable remedy exists that might achieve the same result." *Rental Props Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 518; 866 NW2d 817 (2014) (citation omitted).

An executive agency may have a clear legal duty when there is a statute that plainly instructs that agency to perform a certain action. See *Berry*, 316 Mich App at 43-44. Similarly, a clear legal right is "one clearly founded in, or granted by, law; a right which is inferable as a matter of law from uncontroverted facts regardless of the difficulty of the legal question to be decided." *Rental Props Owners Ass'n*, 308 Mich App at 518-519 (quotation marks and citation omitted). Further, to obtain mandamus, a plaintiff's clear legal right in the execution of a duty must be more than a right possessed by citizens generally. *Id*. at 519 (quotation marks and citation omitted).

Citing MCL 168.869, plaintiff argues that defendant had a clear legal duty to investigate all facts alleged in his petition and, correspondingly, that plaintiff had a clear legal right to an investigation. In pertinent part, MCL 168.869 states:

> Upon the filing of a petition for recount, and the giving of notice, if notice is required to be given, the board of county canvassers *shall be summoned by the clerk*

*of the board and here make an investigation of the facts set forth in the petition.* [Emphasis added.]

Considering this language, then, we agree that defendant had a clear legal duty to "make an investigation of the facts" set forth in plaintiff's petition. MCL 168.869 contains no language indicating that a board of canvassers has the option of declining to investigate the facts alleged in a petition. And MCL 168.24a(1) states, "All of the powers granted to and duties required by law to be performed by all boards of canvassers established by law, other than the board of state canvassers, are granted to and required to be performed by the board of county canvassers." Consequently, defendant had a clear legal duty to "make an investigation of the facts" set forth in plaintiff's petition.

Given this clear legal duty, and given that the parties do not dispute that plaintiff filed a valid petition, it follows that plaintiff had a corresponding legal right to have defendant investigate the facts he alleged in his petition. Nonetheless, we conclude that the trial court correctly found that mandamus was inappropriate here. This is because, in the context of MCL 168.869, the act of investigating is an act that is discretionary in nature—not ministerial.

A ministerial act is one in which the law prescribes and defines the performance with such precision and certainty as to leave nothing to the exercise of discretion or judgment. *Citizens Protecting Michigan's Constitution v Secretary of State*, 280 Mich App 273, 286; 761 NW2d 210 (2008) (citations omitted), aff'd as to result 482 Mich 960 (2008). MCL 168.869 does not define "investigation" with such precision and certainty as to leave nothing to the exercise of discretion or judgment. That statute states only that a board of county canvassers must "make an investigation of the facts set forth in the petition." See MCL 168.869. It is silent as to what this investigation is supposed to entail. It does not demand a specific method of investigation, nor does it specify how thorough defendant's investigation must be. Cf. MCL 168.872 (providing that a board of county canvassers must make a "full and complete" investigation).

None of MCL 168.869's neighboring statutes prescribe or support a particular manner of investigation either. For instance, MCL 168.870 states that a board of county canvassers has certain subpoena powers, but it says nothing about the board being required to exercise these powers:

> For the purpose of such investigation, the clerk, if no meeting be already appointed, shall call a meeting of such board of canvassers and *the said board shall have power to issue subpoenas requiring the person in charge thereof to bring before it the ballot boxes used in the election precinct or precincts referred to in the petition, as well as the poll lists, tally sheets, statements of returns and such other documents or reports as may be deemed necessary.* Said board shall safely guard such ballots, poll lists, tally sheets and returns and when no longer required shall deliver them to the officials charged with the custody thereof. Whoever, being so subpoenaed, shall fail to appear or shall fail to produce any such box, shall be deemed guilty of a misdemeanor. The persons who are required to appear before the board of canvassers shall be paid the same fees and mileage as are paid circuit court witnesses in the county. They shall be paid by the political subdivision before whose board of canvassers they appear. [Emphasis added.]

MCL 168.872 is no different. It states that, if a board of county canvassers decides that there is probably cause to believe fraud or wrongdoing occurred, the board shall make a full and complete investigation and has certain powers in conducting the investigation; but it does not require the board to exercise them:

> Whenever a petition has been filed for a recount by any person conceiving himself aggrieved on account of any fraud, wrongdoing or violation of the law perpetrated or committed by any election inspector or inspectors or any other person in respect to said election for which said recount has been petitioned, in any primary or election, *and it shall appear to the board of canvassers having jurisdiction over said recount that there is probably cause to believe that there has been fraud, wrongdoing or a violation of the law in respect to said election for which said recount has been petitioned, the said canvassers shall make full and complete investigation of the same. Said canvassers shall have full power and authority to subpoena witnesses and to open any ballot box*, regardless of the condition in which the same may be found, and may break open if sealed, the seal thereon and examine the ballots contained therein. [MCL 168.872 (emphasis added)].

In short, while defendant may have had a clear legal duty to investigate the facts alleged in plaintiff's petition, it had no duty to do so in a particular manner. The manner in which to conduct the investigation was left to defendant's discretion. For this reason, the act plaintiff seeks to compel is not ministerial, and it would be inappropriate to compel defendant to investigate any further or in any particular manner.

Had defendant wholly declined to investigate whatsoever (as plaintiff suggests), mandamus may have been appropriate. See *Carter v Ann Arbor City Attorney*, 271 Mich App 425, 438-439; 722 NW2d 243 (2006) (noting that mandamus "may lie to compel the exercise of discretion, but not to compel its exercise in a particular manner") (quotation marks and citation omitted). But defendant did not decline to investigate: it conducted a recount.[5] Accordingly, the trial court correctly concluded mandamus was inappropriate here. At the same time, because

---

[5] Plaintiff implies that a recount does not fall within the plain meaning of investigation, but this implication lacks merit. MCL 168.869 does not define what constitutes an "investigation," so "[t]his Court may rely on a dictionary definition to give [this] otherwise undefined word its plain and ordinary meaning." *Barrow*, 305 Mich App at 665 (quotation marks and citation omitted). When used as a noun, the word "investigation" may mean "the act or process of investigating or the condition of being investigated" or "a searching inquiry for ascertaining facts; detailed or careful examination." *Random House Webster's College Dictionary* (2d ed, 1999), p 695. When used as a verb, it may mean "to search or examine into the particulars of; examine in detail," "to examine the particulars of so as to learn about something hidden, unique, or complex, esp. in an attempt to find a motive, cause, or culprit," or "to make inquiry, examination or investigation." *Id*. A board of county canvassers combing through ballots from challenged precincts and retallying the vote is such "a searching inquiry for ascertaining facts" or a "detailed or careful examination."

plaintiff's clear legal rights were satisfied by defendant's recount and plaintiff was entitled to nothing further, the trial court correctly denied plaintiff's request for declaratory judgment.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Kathleen Jansen
/s/ Michael J. Riordan