*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re WM.

MICHAEL MAKSIMOWSKI,

        Petitioner-Appellee,

v

WM,

        Respondent-Appellant.

UNPUBLISHED
June 22, 2023

No. 362495
Washtenaw Probate Court
LC No. 22-000215-MI

Before: CAMERON, P.J., and MURRAY and GADOLA, JJ.

PER CURIAM.

Respondent ("WM") appeals as of right the granting of a second order for mental health treatment. We affirm.

## I. BACKGROUND

This case arises from the respondent's challenges with his mental health. In March 2022, social worker Shannon Harper filed a petition for mental health treatment with the Washtenaw Probate Court alleging respondent was an individual requiring mental health treatment. Harper reported observing respondent engage in self-injurious and sexual acts, engage in religious preoccupations, sleep only three to four days per week, and fail to maintain adequate self-care. On April 6, 2022, the probate court entered an initial order for mental health treatment, finding by clear and convincing evidence respondent was an individual requiring treatment because respondent could reasonably be expected to intentionally or unintentionally seriously physically injure himself or others, had significantly impaired judgment, and lacked understanding of the need for treatment. The probate court ordered respondent to receive combined hospitalization and outpatient treatment for no longer than 180 days, with an initial hospitalization period up to 60 days.

On June 23, 2022, social worker Sarah Rodriguez, L.M.S.W., filed a notification of noncompliance and a request for a modified order because of respondent's refusal to comply with his court-ordered treatment plan. Rodriguez requested the probate court modify the initial order for mental health treatment and direct respondent to be transported to the Ann Arbor VA Health Care System ("AAVAHCS") to comply with treatment. The probate court entered an order modifying respondent's initial treatment plan, finding respondent was not complying with the court-ordered treatment plan and ordering respondent to be transported to AAVAHCS. The order required respondent to be hospitalized for a period not to exceed the remainder of the initially ordered hospitalization portion of the initial order for mental health treatment.

Respondent's initial period of inpatient hospitalization was set to expire on July 16, 2022. On July 13, 2022 petitioner Michael Maksimowski, M.D., a psychiatrist at the John D. Dingell VA Medical Center, filed a petition for a second mental health treatment order. Petitioner also completed the corresponding clinical certificate filed with the petition. Petitioner diagnosed respondent with schizoaffective disorder, bipolar type, based on respondent's hostility, episodes of talking to himself, noncompliance with treatment, and denial of his need for mental health treatment. Petitioner concluded respondent was reasonably likely to seriously injure himself or others, was unable to attend to his basic needs, and had judgment so impaired by his mental illness that he could not understand the need for treatment. Petitioner concluded respondent was an individual requiring mental health treatment and requested the probate court order respondent to be hospitalized for no more than 90 days, and continue with assisted outpatient treatment.

On July 20, 2022, the probate court entered a second order for mental health treatment, finding by clear and convincing evidence that as a result of his mental illness respondent was an individual requiring treatment because he was reasonably expected to intentionally or unintentionally seriously physically injure himself or others, had significantly impaired judgment, and lacked understanding of the need for treatment. The probate court ordered respondent to receive combined hospitalization and outpatient treatment from the AAVAHCS's Mental Health Intensive Case Management ("MHICM") for no longer than 90 days, with an initial hospitalization period up to 90 days. This appeal followed.

## II. VIOLATION OF MCL 330.1473

Respondent argues the probate court erred by entering a second order for mental health treatment because the petition for a second order for mental health treatment was filed outside the statutorily required time frame. We disagree.

### A. STANDARDS OF REVIEW

This Court reviews for an abuse of discretion a probate court's dispositional rulings and reviews for clear error the factual findings underlying a probate court's decision. An abuse of discretion occurs when the probate court chooses an outcome outside the range of reasonable and principled outcomes. A probate court's finding is clearly erroneous when a reviewing court is left with a definite and firm conviction that a mistake has been made, even if there is evidence to support the finding. We review de novo matters of statutory interpretation. The probate court necessarily abuses its discretion when it makes an error of law. . . .

When interpreting statutes, our primary goal is to ascertain and give effect to the intent of the Legislature. In doing so, we first turn to the specific language of the statute, considering the fair and natural import of the terms employed, in view of the subject matter of the law. We must examine the statute as a whole, reading individual words and phrases in the context of the entire legislative scheme. [*In re Portus*, 325 Mich App 374, 381-382; 926 NW2d 33 (2018) (quotation marks and citations omitted).]

Because respondent never objected to the hearing or claimed the petition for a second order for mental health treatment was filed in violation of MCL 330.1473, respondent's arguments are not preserved for appeal. See *People v Pipes*, 475 Mich 267, 277; 715 NW2d 290 (2006). Therefore, we review respondent's unpreserved issues for plain error affecting a party's substantial rights. *Rivette v Rose-Molina*, 278 Mich App 327, 328; 750 NW2d 603 (2008). "To avoid forfeiture under the plain-error rule, three requirements must be met: (1) an error must have occurred; (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected substantial rights." *Id*. at 328-329 (quotation marks and citations omitted). "Generally, an error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *In re Utrera*, 281 Mich App 1, 9; 761 NW2d 253 (2008).

## B. ANALYSIS

"Proceedings seeking an order of involuntary mental health treatment under the Mental Health Code for an individual on the basis of mental illness . . . generally are referred to as 'civil commitment' proceedings." *In re Portus*, 325 Mich App at 382. "The specific procedures for obtaining continuing orders of hospitalization or other forms of treatment based on a person's mental illness are contained in various provisions of Chapter 4 of the Mental Health Code, MCL 330.1400 *et seq*." *Id*. MCL 330.1473 states, in relevant part:

Not less than 14 days before the expiration of an initial, second, or continuing order of involuntary mental health treatment issued under section 472a or section 485a, a hospital director or an agency or mental health professional supervising an individual's assisted outpatient treatment shall file a petition for a second or continuing order of involuntary mental health treatment if the hospital director or supervisor believes the individual continues to be a person requiring treatment and that the individual is likely to refuse treatment on a voluntary basis when the order expires.

The initial order for mental health treatment, entered on April 6, 2022, indicates respondent was required to participate in combined inpatient and outpatient treatment of up to 180 days, with no more than 60 days of inpatient treatment. While the record is unclear as to when respondent began inpatient treatment, we use July 16, 2022 as the expiration of the 60-day period of inpatient treatment because the parties have stipulated to that date in their briefs. Thus, the initial order was set to expire on October 3, 2022, with the 60-day inpatient portion of respondent's treatment ending July 16, 2022. The petition for a second order for mental health treatment was filed on July 13, 2022. Respondent contends the probate court erred by holding a hearing and entering a second order for mental health treatment because the petition for the second order for mental health treatment was filed less than 14 days before the expiration of respondent's inpatient treatment, in

-3-

violation of MCL 330.1473. But MCL 330.1473 references the expiration of the *entire* order, not just the portion pertaining to respondent's inpatient treatment. Respondent's argument is an attempt to impermissibly and arbitrarily assign an expiration date that is not contemplated by the statute. Because the initial order had not expired when the petition for the second order for mental health treatment was filed, the order was filed well within the statutory time frame. Therefore, the probate court did not commit plain error affecting respondent's substantial rights.

Additionally, we note even if petitioner untimely filed the petition for the second order for mental health treatment, MCL 330.1473 provides no remedy for respondent. Michigan caselaw has held that we should not create a remedy where there is not one imposed by statute. See *Jones v Dep't of Corrections*, 468 Mich 646, 656 & n 13; 664 NW2d 717 (2003) (holding that a parolee is not entitled to relief where parole board fails to conduct a hearing on parole violation charges within 45 days of parolee's return to prison); *Dep't of Consumer & Indus Servs v Greenberg*, 231 Mich App 466, 468-469; 586 NW2d 560 (1998) (holding that a licensee is not entitled to relief where disciplinary subcommittee does not meet and impose a penalty within 60 days of receipt of examiner's recommendations); *In re Pardee*, 190 Mich App 243, 252; 475 NW2d 870 (1991) (holding the appellant was not entitled to relief where a court fails to conduct a termination hearing within 42 days of filing of the petition). Because the "Legislature well knows how to provide remedies for statutory time limitation violations and has explicitly done so in other settings," we may not create a remedy that is "not grounded anywhere in the statutory scheme" without exceeding our judicial authority. *Jones*, 468 Mich at 656 & n 13. Therefore, even if there was a violation of MCL 330.1473, respondent would not be entitled to a remedy.

Affirmed.


/s/ Thomas C. Cameron
/s/ Christopher M. Murray
/s/ Michael F. Gadola